### 8487. MOON *v.* BRANDT.

WADE, C. J. 1. "While the municipal court of Atlanta has jurisdiction of suits involving larger amounts than those formerly within the jurisdiction of the justice's courts, the procedure in the municipal court of Atlanta, so far as the necessity for pleadings is concerned, does not differ from that of the justice's courts. A plaintiff in that court may institute his action by causing the issuance of the summons prescribed by law, with a copy of the note, account, or cause of action sued on; and a mere misjoinder of causes of action is immaterial." *Shippey* v. *Owens,* 17 *Ga. App.* 127 (86 S. E. 407). The demurrer raising the point that the suit on a note for $450 exceeded the jurisdiction of the justice's courts in lieu of which the municipal court of Atlanta was established, and therefore that the law as to suits in the superior courts applied, and the suit should have been brought by petition duly paragraphed, was properly overruled.

2. "The holder of a note is presumed to be such bona fide, and for value; if either fact is negatived by proof, the defendants are let into all their defenses." Civil Code (1910), § 4288. There was no evidence which negatived the presumption of title in the holder in whose behalf this suit was instituted.

3. The 2d, 3d, and 4th assignments of error in the petition for certiorari are not completely verified by the answer of the judge of the municipal court, and, as qualified by the answer, are without substantial merit.

4. There was some evidence to sustain the verdict, and the judge of the superior court did not err in overruling the certiorari.

*Judgment affirmed. George and Luke, JJ., concur.*

DECIDED JUNE 27, 1917.

Certiorari; from Fulton superior court—Judge . Pendleton. December 18, 1916.

*Daley, Chambers & Daley,* for plaintiff in error.

*Reynolds & Whitman,* contra.