*Fulwood & Hargett,* contra.

---

10263.   WALKER *v.* CLIFF DRUG COMPANY.

JENKINS, J.   1. The act creating the municipal court of Atlanta (Acts 1913, p. 145, § 37) provides that "suits in this court, except as herein provided, or as may be provided by rules of the court, shall proceed as suits or actions in justices' courts, under the practice thereof existing under the laws relating thereto." There being in this act nothing that requires that exceptions pendente lite be taken to a ruling upon a motion to dismiss pleadings, such exceptions are not necessary, and the ruling thus made may be assigned as error in the petition for certiorari without such exceptions pendente lite having been first taken. The ruling in *Brooke* v. *Cunningham*, 19 *Ga. App.* 21 (90 S. E. 1037), is not in conflict with what is here held, for that case was decided before the constitutional amendment of 1916 (Acts 1916, p. 19), when a direct writ of error would lie from the municipal court of Atlanta to this court, and in that case the overruling of a demurrer was sought to be made the ground of a motion for a new trial.

2. "While the municipal court of Atlanta has jurisdiction of suits involving larger amounts than those formerly within the jurisdiction of the justice's courts, the procedure in the municipal court of Atlanta, so far as the necessity for pleadings is concerned, does not differ from that of the justice's courts;. . . and a mere misjoinder of causes of action is immaterial." *Shippey* v. *Owens*, 17 *Ga. App.* 127 (86 S. E. 407); *Moon* v. *Brandt*, 20 *Ga. App.* 396 (93 S. E. 43). The trial judge did not err, therefore, in overruling the motion to dismiss plaintiff's petition.

3. Under the act creating the municipal court of Atlanta (Acts 1913, p. 145) and the decisions of the Supreme Court in *Johnston* v. *Brenau College*, 146 *Ga.* 182 (91 S. E. 85), and *Taylor* v. *Mutual Benefit Industrial Life Ins. Asso.*, 146 *Ga.* 660 (92 S. E. 47), the losing party in the municipal court may pursue either of the three following remedies to review the decision of the trial judge or the verdict of the jury therein: 1st. He may make a motion for a new trial before the trial judge, and, upon the overruling of the motion, may enter an appeal to the

appellate division of that court; and if the decision of the appellate division be adverse, he may carry the case to the superior court by certiorari. 2d. He may make a motion for a new trial before the trial judge in the municipal court, and the judgment of the trial judge in overruling the oral motion for a new trial may be reviewed on direct writ of certiorari by the superior court, without first taking an appeal to the appellate division. 3d. He may by certiorari except directly to the judgment of the trial judge or the verdict of the jury in the municipal court, without first making an oral motion for a new trial before the trial judge, and without entering an appeal to the appellate division of the municipal court. If the remedy last stated be pursued, he can have reviewed the question of whether the finding is contrary to law because not supported by the evidence; but if he pursue either of the other two remedies, under section 42 (*b*) of the act of 1913 (Acts 1913, p. 168) he can not, in his petition for certiorari, urged as a ground for reversal the insufficiency of the evidence (*Johnston* v. *Brenau College*, supra); for, as was said in *Dunlop Milling Co.* v. *Collier*, 19 *Ga. App.* 725, 727 (92 S. E. 296), the discretion to grant a new trial upon the grounds (1) that the verdict found or the judgment rendered is contrary to the evidence and the principles of equity, and (2) that said verdict or judgment is decidedly and strongly against the weight of the evidence, is exhausted when the judge of the municipal court who tried the case refuses to grant a new trial thereon. The plaintiff in error in this case having pursued the second remedy, the superior court did not err in overruling the petition for certiorari, based upon the ground that the judgment rendered was contrary to law because not supported by the evidence.

*Judgment affirmed. Wade, C. J., and Luke, J., concur.*

DECIDED MAY 23, 1919.

Certiorari; from Fulton superior court—Judge Pendleton. October 29, 1918.

*Jack C. Savage, Moore & Pomeroy,* for plaintiff in error.
*George B. Rush,* contra.

*Judgment affirmed. Wade, C. J., and Luke, J., concur.*