*D. C. Patlillo,* contra.

---

### 15334.   SOMMER *v.* NEW YORK MILL END PANTS CO.

STEPHENS, J.  1.  The assets of a dissolved corporation are primarily liable for the payment of its debts, before distribution among the stockholders.  Civil Code (1910), § 2245; *Beck* v. *Henderson,* 76 *Ga.* 360. A stockholder acquiring assets of a corporation as his share of the corporate property upon dissolution acquires no title thereto which can be asserted by him against a levy thereon based upon a judgment afterwards obtained by a creditor of the corporation.

2.  Where a judgment against a corporation was levied upon property formerly belonging to the corporate assets, and the evidence authorized the inference that the person filing a claim thereto was a member of the corporation and had acquired the property without purchase from the corporation, but as his share of the corporate assets upon dissolution, a judgment finding the property subject to the levy was authorized.

3.  The only assignment of error appearing in the bill of exceptions being an exception to an order overruling a motion for a new trial, and

it not appearing from the record what grounds were urged in the motion for a new trial, and the motion for a new trial not being specified in the bill of exceptions as a material part of the record, no question is presented to this court for determination. *Holcomb* v. *Finch*, 25 *Ga. App.* 261 (103 S. E. 240). Since, however, it appears from the record that the verdict and judgment are supported by the evidence, this court will affirm the judgment on the record as here presented, rather than dismiss the writ of error. •

<em>Judgment affirmed. Jenkins, P. J., and Bell, J., concur.</em>

DECIDED JANUARY 17, 1925.

Claim; from Pulaski superior court—Judge Graham. December 10, 1923.

*Lawson & Ware,* for plaintiff in error.

*W. A. Moore,* contra.