19489. Branon v. Ellbee Pictures Corporation.

Stephens, J. 1. An appeal to the appellate division of the municipal court of Atlanta, whether from a judgment of a trial judge in that court upon a motion for a new trial, or directly to any other final judgment rendered in that court as provided in an act approved August 18, 1927 (Ga. L. 1927, p. 388), must, as provided in an act approved July 31, 1925 (Ga. L. 1925, pp. 370, 384), be brought within ten days from the date of the judgment complained of. Where an appeal to the appellate division is made beyond ten days from the date of the final judgment rendered by the trial judge upon the trial, but within ten days of a judgment upon a motion for a new trial, the appellate division has jurisdiction only to review the judgment upon the motion for a new trial; and where the grounds of the motion for a new trial do not appear, and there does not appear in the appeal to the appellate division any exception to the judgment of the trial judge on the motion for a new trial, no question is presented for consideration by the appellate division. *Jeter* v. *Turman-Brown Co.*, 169 *Ga.* 30 (149 S. E. 555); *Holcomb* v. *Finch*, 25 *Ga. App.* 261 (103 S. E. 38).

2 An assignment of error contained in an appeal to the appellate division of the municipal court which reads as follows is not an assignment of error on the judgment of the trial judge of that court on the motion for a new trial: "A motion for new trial was made and overruled, as set out above. . . Appellant further shows that the judgment upon the hearing of said motion for new trial was adverse to him, and he prays a review of the evidence and the rulings of the court by the appellate division of this court, in order that the errors alleged to have been committed by the trial judge may be considered and corrected. . . Appellant attaches hereto a brief of the evidence and rulings of the court on said trial, and the errors complained of. Appellant assigns error as follows: First, because the judgment of the court is contrary to law; second, because the court erred in directing a verdict against appellant and entering judgment thereon for the amount sued for; third, because the court erred in ruling out of evidence the telegram. . . "

3. It appearing that the appeal to the appellate division was brought within the period for review only of the judgment of the trial judge overruling the defendant's motion for a new trial, and it not appearing upon what grounds the motion for a new trial was based, and there appearing no exception to the judgment overruling the motion for a new trial, the appeal to the appellate division presented no question for consideration by the appellate division. The superior court therefore did not err in dismissing the petition for certiorari, in which the judgment of affirmance by the appellate division was excepted to.

*Judgment affirmed.* *Jenkins, P. J., and Bell, J., concur.*

Decided October 18, 1929.

*Branch & Howard,* for plaintiff in error.
*Dillon, Calhoun & Dillon,* contra.