### 19959. COPPEDGE DRY CLEANING COMPANY *v.* LEVINE.

STEPHENS, J. 1. The act approved July 31, 1925, relating to the method of taking appeals to the appellate division of the municipal court of Atlanta (Ga. L. 1925, pp. 370, 384, § 42), provides that an appeal from the order of the trial judge overruling an oral motion for a new trial "shall lie . . to the appellate division of said court upon any ground of new trial which would be ground for a new trial in the superior courts," and that the appellant shall "file a written statement of the grounds of his motion, and the errors of which he complains, . . the grounds of said motion to be certified as true by the trial judge . . " It therefore follows that an assignment of error in an appeal to the appellate division of that court, to an order overruling an oral motion for a new trial, is incomplete and presents nothing for consideration by the appellate division, where the grounds of the oral motion do not appear. *Holcomb* v. *Finch,* 25 *Ga. App.* 261 (103 S. E. 38); *L. & N. R. Co.* v. *Lovelace,* 26 *Ga. App.* 286 (2) (106 S. E. 6); *Autrey* v. *Carson Naval Stores Co.,* 29 *Ga. App.* 422 (115 S. E. 924); *Freedman* v. *Bush,* 30 *Ga. App.* 757 (119 S. E. 421); *Sommer* v. *New York Pants Co.,* 33 *Ga. App.* 374 (3) (126 S. E. 266); *Reese* v. *Miller,* 33 *Ga. App.* 442 (2) (126 S. E. 904); *Branon* v. *Ellbee Pictures Corp.,* 40 *Ga. App.* 450 (150 S. E. 168).

2. An assignment of error, in an appeal to the appellate division of the municipal court of Atlanta, excepting directly to the final judgment of the trial judge, rendered upon the trial, is made too late to confer upon the appellate division jurisdiction for its consideration, where the appeal is made after ten days from the date of the final judgment complained of. Ga. L. 1927, p. 388, § 1; *Branon* v. *Ellbee Pictures Corp.*, supra.

3. It appearing that the appeal to the appellate division, which excepts directly to the judgment of the trial judge and also to the judgment overruling the oral motion for a new trial, was brought to the appellate division after the expiration of ten days from the rendition of the final judgment, and, it not appearing upon what grounds the oral motion for a new trial was made, the appeal presented no question for consideration by the appellate division, and the appellate division did not err in affirming the judgment complained of.

4. An assignment of error in the appeal to the appellate division, excepting to the order overruling the motion for a new trial because of certain alleged errors in the rulings made upon the trial, and because the verdict and judgment rendered were erroneous, does not set out the grounds of the motion for a new trial.

5. Where the grounds of the motion for a new trial are not set out on the appeal to the appellate division, a certification by the trial judge that the grounds of the appeal and the motion are true and correct does not amount to a certification of the correctness of the grounds of the motion for a new trial where the grounds do not appear.

6. Assuming that, where the grounds for an oral motion for a new trial do not appear in the appeal to the appellate division and where the appellate division took jurisdiction of the appeal and passed upon the motion as if it had been made upon the general grounds, it is presumed that the motion for a new trial was made upon the general grounds, the appellate division did not err in affirming the judgment, since it appears from an inspection of the record that the verdict as rendered was legally authorized by the evidence.

7. The superior court properly dismissed the petition for certiorari.

*Judgment affirmed.* *Jenkins, P. J., and Bell, J., concur.*

DECIDED APRIL 21, 1930.

*H. C. Holbrook,* for plaintiff in error. *Grant & Long,* contra.