21517. HOLLAND FURNACE COMPANY v. MANNING.

STEPHENS, J. 1. An exception to the overruling of a motion for a new trial, in an appeal to the appellate division of the municipal court of Atlanta, is insufficient to show error in the judgment excepted to, where the grounds of the motion for a new trial do not appear. *Holcomb* v. *Finch*, 25 *Ga. App.* 261 (103 S. E. 38); *Coppedge Dry Cleaning Co.* v. *Levine*, 41 *Ga. App.* 382 (153 S. E. 206).

2. Where an appeal to the appellate division of the municipal court of Atlanta recites the making and overruling of a motion for a new trial, and excepts on various grounds to the judgment overruling the motion, but where it nowhere appears in the appeal that any of these grounds of exception were contained in the motion for a new trial, the grounds of the motion for a new trial do not appear. *Branon* v. *Ellbee Pictures Corporation*, 40 *Ga. App.* 450 (150 S. E. 168).

3. Where an appeal to the appellate division of the municipal court of Atlanta is brought after the expiration of ten days from the date of the verdict and judgment complained of, the appellate division has no jurisdiction to entertain assignments of error upon the verdict and judgment and the rulings of the court upon the trial, if such exceptions have not been preserved pendente lite or in a motion for a new trial properly and timely presented to the appellate division.

4. Assuming, but not deciding, that where an appeal to the appellate division of the municipal court of Atlanta contains an assignment of error on a judgment overruling a motion for a new trial in which the grounds upon which the motion was made do not appear, the assignment of error is sufficient to give jurisdiction to the appellate division to pass upon exceptions pendente lite to rulings made at the trial, the appeal to the appellate division in this case presents for consideration only the exceptions to the judgment of the trial judge overruling the plaintiff's general and special demurrers to the defendant's plea as amended. See, in this connection, *Reed* v. *Warnock*, 146 *Ga.* 483 (2), 488 (91 S. E. 545); *Wright* v. *Hollywood Cemetery Cor.*, 112 *Ga.* 884 (6), 894 (38 S. E. 94, 52 L. R. A. 621); Ga. L. 1927, p. 388, sec. 1.

5. Where a contract for installation of a furnace or heater in a house provides that the purchaser is to "provide for the heater a good and sufficient smoke-flue for receiving the smoke-pipe, and if the said flue does not prove efficient, [the purchaser is] to adjust the same properly so as to insure a perfect draft for the heater at [the purchaser's] own expense," an express warranty in the contract, that, after a compliance by the purchaser with this provision of the contract, the seller guarantees that the heater will heat the entire house, provided proper fuel is used and the seller's instructions are obeyed, the obligation of the purchaser to provide "a good and sufficient smoke-flue for receiving [the] smoke-pipe" from the heater, "so as to insure a perfect draft for the heater," which is to be done at the purchaser's expense, is not a warranty by the purchaser that the smoke-flue with which the smoke-pipe of the heater is to be connected is "a good and sufficient smoke-flue," and that a failure of the purchaser to furnish "a good and sufficient smoke-flue" would, under any and all circumstances, relieve the seller of the express warranty that the heater, after being installed, would give the services

guaranteed in the warranty. This is but a mere obligation by the purchaser to perform certain duties respecting the preparation of his premises for the benefit of the seller in installing the heater in the purchaser's house, and to enable the seller to make good the express warranty that the heater when installed would give the services guaranteed. Where the seller, when installing the heater, "inspected the flue [furnished by the purchaser] and pronounced the same satisfactory and adequate for the purpose for which the same was to be used," he thereby discharged the purchaser from his obligation under the contract to furnish a "good and sufficient flue," etc.

6. In a suit by the seller against the purchaser to recover an alleged balance due on the purchase-price of the heater after the heater had been installed, the defendant's plea as amended, which alleged that the plaintiff "at the date of the installation of the furnace . . inspected the flue and pronounced the same satisfactory and adequate for the purpose for which the same was to be used," and that immediately following the installation of the furnace it developed that the furnace was "not capable of heating" the house, that the plaintiff, after having been notified by the defendant of this fact, made repeated efforts to "make [the] furnace operate satisfactorily," that after such repeated efforts the plaintiff "failed to benefit the furnace, and it still failed to heat the house" as intended, that the furnace "would not produce the heat intended," and was "not reasonably suited for the purposes intended," and was "absolutely worthless and useless except for junk," and was "of no value whatsoever" to the defendant, set up a failure of consideration in a breach of the express warranty, in that the furnace, after it had been installed in the defendant's house, did not heat the house as guaranteed by the seller. An allegation in the plea that the furnace, after its installation, and after the plaintiff had waived the obligation upon the defendant to furnish a proper smoke-flue and had undertaken to make the furnace work satisfactorily, failed to heat the house as guaranteed, is equivalent to an allegation that the failure of the furnace to work satisfactorily and its incapacity to heat the house was not due to the failure of the defendant to use the proper fuel or to carry out instructions from the plaintiff.

7. The plea filed by the defendant, not containing any matter of set-off, was not subject to demurrer upon the ground that no notice of the filing of the plea was given to the plaintiff, as required by the rules of the municipal court of Atlanta in cases where the defendant files a plea of set-off.

8. The plea as amended set up a valid defense of failure of consideration, and was not subject to the demurrer.

9. The judge of the superior court did not err in overruling the certiorari.
*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

DECIDED FEBRUARY 23, 1932. REHEARING DENIED MARCH 5, 1932.

*Charles G. Bruce,* for plaintiff. *A. E. Wilson,* for defendant.