## 21976.  COHEN *v.* MACKS.

DECIDED JULY 29, 1932.

*Hyman M. Morris,* for plaintiff in error.

*Robert T. Efurd,* contra.

JENKINS, P. J. This was a suit for attorney's fees, originating in the municipal court of Atlanta. The jury found for the plaintiff, and the defendant appealed to the appellate division of the municipal court from the order overruling his motion for a new trial. The motion for a new trial does not appear in the record, but there does appear a statement of "assignments of error," in which it is recited that the "appellant herein assigns error upon the action of the trial court in refusing him a new trial, upon each and every ground urged in the motion for a new trial, and which grounds were as follows." There are set forth two grounds of the motion, one excepting to the action of the trial judge in refusing to allow an amendment to the defendant's answer, and the other complaining of the failure of the court to charge on an alleged material contention of the defendant. The appellate division of the municipal court denied the defendant a new trial, and the judge of the superior court overruled his certiorari. To the latter judgment he now excepts.

1. Since the only exception to the action of the trial judge in disallowing the proffered amendment to the defendant's answer was that contained in the motion for a new trial, and since the alleged error in refusing to allow the amendment was not proper subject-matter of a motion for a new trial, the exception sought to be made can not be considered. *Lee* v. *McCarty,* 132 *Ga.* 698 (3) (64 S. E. 997) ; *Turner* v. *Barber,* 131 *Ga.* 444 (62 S. E. 587) ; *Crouch* v. *Fisher,* 43 *Ga. App.* 484 (159 S. E. 746). The contrary rule stated in *Woodward* v. *Gresham,* 16 *Ga. App.* 207 (84 S. E. 981), is no longer of force since the passage of the act of 1927 (Ga. L. 1927, p. 388, § 1), making applicable to the municipal court of Atlanta the practice in the superior courts of this State relating to any ruling which is properly the subject-matter of exceptions pendente lite. *Branon* v. *Ellbee Pictures Corp.,* 40 *Ga. App.* 450 (150 S. E. 168) ; *Coppedge Dry Cleaning Co.* v. *Levine,* 41 *Ga. App.* 382 (2) (153 S. E. 206).

2. The judge instructed the jury that if, as contended by the defendant, the plaintiff's contract of employment, out of which the

claim for attorney's fees arose, was with the defendant's brother instead of the defendant, there could be no recovery. In view of the clear instruction that the plaintiff could not recover if the contract of employment was made, not by the defendant, but by the defendant's brother, the question whether the brother had paid what the brother owed had no relevancy, and the court did not err in failing to charge the jury upon that question, since there was no contention that the brother had paid what the defendant owed.

3. No contention is made in the motion for a new trial, or in the briefs of counsel, that the verdict in favor of the plaintiff was not authorized by the evidence.

4. The judge of the superior court did not err in overruling the certiorari.

*Judgment affirmed. Stephens and Sutton, JJ., concur.*