*Robert T. Efurd, Mose S. Hayes,* for plaintiff in error.
*L. S. Pennisi, H. W. McLarty,* contra.

23473. WHITLEY *et al.* v. SHANNON.

STEPHENS, J. 1. As provided in the act approved July 31, 1925, amendatory of the act creating the municipal court of Atlanta (Ga. L. 1925, p. 370), in section 42(c) thereof, where an appeal is made to the appellate division of the municipal court of Atlanta, from an order denying an oral motion for a new trial, the appellant "shall, within ten days from the order overruling the oral motion for a new trial, file a written statement of the grounds of his motion, and the errors of which he complains, together with a written brief of so much of the evidence adduced on the trial of the case as may be necessary to a clear understanding of the errors complained of, the brief of evidence and the grounds of said motion to be certified as true by the trial judge before the same shall be filed, unless further time is granted by the trial judge for the perfection and approval of the brief of evidence, in which case the trial judge shall order the brief filed, subject to correction and approval at such time as he shall fix." It is essential to an appeal to the appellate division that the brief of the evidence be certified and filed, or that a prepared purported brief of the evidence, where time is given for its perfection and approval, be, by an order of the judge passed within ten days, ordered filed. This is jurisdictional.

2. Where a written statement of the grounds of the appellant's motion and the errors complained of are filed as required by law within ten days of the date of the judgment complained of, and within that period no approved brief of the evidence is filed, and no unapproved prepared brief of evidence is ordered filed subject to correction and approval as provided in the act, the appeal is a nullity. An order passed at the time of the filing of the appeal, which allows the appellant to prepare and present for approval and file at a future date a brief of the evidence, is not the order required by statute as essential to the validity of the appeal. Since the so-called appeal is a nullity, it is not amendable. An amendment thereto afterwards allowed and filed, although it contains

a statement of the grounds of the motion for a new trial and the errors complained of and is accompanied with an approved brief of evidence, and in all other respects complies with the requirements of law for an appeal to the appellate division, is invalid as an amendment; and where it is filed more than ten days after the rendition of the judgment complained of it is invalid as an original appeal. A motion to dismiss the so-called appeal as amended, upon the ground that the appeal had not been entered within the required ten days from the date of the rendition of the judgment complained of, was properly sustained. See *Dean* v. *Johnson*, 18 *Ga. App.* 661 (90 S. E. 286).

The superior court did not err in overruling the certiorari.

*Judgment affirmed. Jenkins, P. J., and Sutton, J., concur.*

DECIDED SEPTEMBER 20, 1934.

*Edward T. Hughes,* for plaintiffs in error.