24513. HARTSFIELD COMPANY *v.* KITCHENS.

DECIDED APRIL 19, 1935.

*Robert T. Efurd, Mose S. Hayes,* for plaintiff.
*Ezra E. Phillips,* for defendant.

SUTTON, J. ■ This is a direct bill of exceptions to review a judgment of the appellate division of the municipal court of Atlanta, affirming a judgment of the trial judge therein which overruled the plaintiff's motion for a new trial. At the conclusion of the plaintiff's evidence, a nonsuit was awarded. The plaintiff moved for a new trial, the motion was overruled, and an appeal was taken to the appellate division of that court. It is now the law relative to practice in the municipal court of Atlanta that "all rulings of the trial court which under the practice in the superior courts would be the subject-matter of final bill of ·exceptions, cross-bill of exceptions, or exceptions pendente lite, shall likewise be the subject-matter of such exceptions in" the municipal court. Ga. L. 1927, pp. 388, 389. A judgment of nonsuit is not a proper ground for a motion for new trial, but is reviewable by a direct bill of exceptions; or the plaintiff may properly moved to reinstate the case, and, upon a refusal of that motion, may take the case up for review by direct bill of exceptions to the appellate court having jurisdiction thereof. *Aiken* v. *Peck,* 72 *Ga.* 434; *Buchanan* v. *James,* 134 *Ga.* 475 (3) (68 S. E. 72); *Farmers Union Warehouse &c. Co.* v. *Stewart,* 138 *Ga.* 733 (75 S. E. 1131). Since the award of a nonsuit can not be reviewed by a motion for a new trial, the court did not err in overruling plaintiff's motion for a new trial. *Smith* v. *Perryman,* 38 *Ga. App.* 496 (144 S. E. 341). The contrary rule stated in *Woodward* v. *Gresham,* 16 *Ga. App.* 207, is no longer

of force since the passage of the above act of 1927, and is not authority for holding that a motion for a new trial is the proper way to review a judgment of nonsuit in the municipal court of Atlanta. *Cohen* v. *Macks,* 45 *Ga. App.* 463 (165 S. E. 289).

Moreover, there was no error in granting a nonsuit in this case. The principal debtor was indebted to the plaintiff, a licensee under the small-loan act of 1920 (Ga. L. 1920, p. 215), for more than $300 at the time he executed the note involved in this case, in violation of the small-loan act. This rendered the note void and unenforceable. *Hartsfield Co.* v. *Robertson,* 48 *Ga. App.* 735 (173 S. E. 201). If the defendant was a surety for the principal debtor on this note, the note could not be enforced against him. Civil Code (1910), § 3539. If the defendant, by signing a separate writing guaranteeing payment of the note, is to be regarded and held as a guarantor, and the note is deemed void, then such contract of guaranty could not be enforced against him. 28 C. J. 909, 910, § 36; *Barnes Cycle Co.* v. *Schofield,* 111 *Ga.* 880 (36 S. E. 965). As to whether this defendant was in fact a surety or a guarantor, see *Hartsfield Co.* v. *Robertson,* supra.

It follows that the appellate division of the municipal court of Atlanta did not err in affirming the judgment of the trial judge overruling the plaintiff's motion for new trial.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*