25595. BENTLEY *v.* ANDERSON-McGRIFF HARDWARE COMPANY.

DECIDED NOVEMBER 6, 1936.

*A. W. White, W. R. Bentley,* for plaintiff.
*W. A. McClain, Hooper & Hooper,* for defendant.

STEPHENS, J. As provided in the act approved March 10, 1933 (Ga. L. 1933, pp. 290, 293, 294, sec. 42 (c, d, e), amendatory of the act creating the municipal court of Atlanta, and acts amendatory thereof, a party desiring to enter an appeal to the appellate division of the municipal court of Atlanta from an "order denying a new trial, or from a final order or judgment of the trial judge," in cases where the amount involved exclusive of interest, attorney's fees, and costs, is less than $300, shall, within fifteen days from such order, "file a written statement of the grounds of his motion, and the errors of which he complains, together with a

written brief of so much of the evidence adduced on the trial of the case as may be necessary to a clear understanding of the errors complained of, the brief of evidence and the grounds of said motion to be certified as true by the trial judge before same shall be filed, unless further time is granted by the trial judge for the perfection and approval of the brief of evidence, in which case the trial judge shall order the brief filed, subject to correction and approval at such time as he shall fix." This section provides that where an appeal from an order denying a new trial is made to the appellate division, the grounds of the motion for new trial and the brief of evidence must not only be certified as true by the trial judge, but must be so certified as true before the "same shall be filed." And the appeal, which is a certification of the grounds of the motion for new trial, and the brief of evidence when certified as true, shall be filed within fifteen days from the date of the order of the trial judge denying the motion for new trial. The appeal, when filed, is filed in the office of the clerk of the municipal court. Notwithstanding the appeal and the brief of evidence may each be certified as true by the trial judge within fifteen days from the date of the order denying a new trial, it is essential to the jurisdiction of the appellate division to entertain the appeal that the appeal, in so far as it consists of the grounds of the motion, so certified as true, shall also be "filed" in the municipal court within fifteen days from the date of the rendition of the order denying the new trial. *Whitley* v. *Shannon,* 49 *Ga. App.* 548 (176 S. E. 517).

Where a judgment of the municipal court of Atlanta overruling a motion for new trial was rendered on May 16, 1934, an appeal from such order to the appellate division, where the grounds of the motion for new trial were certified to as true by the trial judge on May 31, 1934, but where the appeal was not "filed" in the office of the clerk of the municipal court of Atlanta until June 4, 1934, which latter date was more than fifteen days from the date of the order overruling the motion for new trial, the appeal was filed too late, and the appellate division acquired no jurisdiction thereof. *Branon* v. *Ellbee Pictures Cor.,* 40 *Ga. App.* 450 (150 S. E. 168); *Coppedge Dry-Cleaning Co.* v. *Levine,* 41 *Ga. App.* 382 (2) (153 S. E. 206); *Whitley* v. *Shannon,* supra; *Gibbs* v. *Carolina Portland Cement Co.,* 50 *Ga. App.* 229 (177 S. E. 760).

Therefore the appellate division of the municipal court did not err in sustaining the appellee's motion to dismiss the appeal on the ground that it was not filed within the required fifteen days from the date of the rendition of the judgment complained of, and in rendering a judgment dismissing the appeal. It follows that the judge of the superior court did not err in dismissing the certiorari brought by the appellant, in which he excepted to the judgment of the appellate division dismissing the appeal. Notwithstanding the judge of the superior court dismissed the certiorari on the express ground contained in the order of dismissal, that, as provided in section 42A of the act of 1933, supra, the writ of certiorari does not lie to any judgment, order or ruling of the trial judge of the municipal court of Atlanta, Fulton section, or the appellate division of this court (which provision of the act has since been declared unconstitutional by the Supreme Court of Georgia in *Aspironal Laboratories Inc.* v. *Mallinckrodt Chemical Works,* 180 *Ga.* 544 (179 S. E. 709), the judgment dismissing the certiorari was nevertheless a proper and legal judgment, on the ground that no error in the judgment complained of appears, and the petition for certiorari could have been dismissed on this latter ground.

*Judgment affirmed. Jenkins, P. J., and Sutton, J., concur.*