## 27418. McGEE *v.* KNOX.

DECIDED MAY 3, 1939.

*William A. Thomas,* for plaintiff in error.

SUTTON, J. The plaintiff sued the defendant in the municipal court of Atlanta for $231 on notes. The defendant filed an answer in which he alleged only that for lack of information he could neither admit nor deny the allegations of the plaintiff's petition. The plaintiff moved to strike the answer, and the defendant amended his answer by alleging that "this defendant denies that he received the principal sum sued for in said notes, and that he did

not get over one hundred and fifty dollars ($150) when he borrowed the said money, and therefore the plaintiff should not recover more than such a sum and legal interest on said sum," and that the plaintiff was not entitled to recover attorney's fees, as the notice therefor was illegal. The plaintiff voluntarily struck the portion of his petition asking for attorney's fees, and renewed his motion to dismiss the defendant's answer. The court struck the answer as setting up no defense to the notes, and then directed a verdict for the plaintiff and entered a judgment accordingly. The record shows that the defendant's motion for new trial was overruled on the same day that the verdict and judgment were entered, and on the same day the defendant filed an appeal to the appellate division of the municipal court, assigning error on the final judgment, on the verdict, and on the antecedent ruling striking his answer, which ruling he contended was erroneous and controlling in the determination of the case against him. This appeal was dismissed by the appellate division of the municipal court, on the grounds (1) that there was no assignment of error on the trial court's order on the motion for new trial, and (2) that no brief of evidence was filed with the appeal. The defendant excepted to the judgment dismissing the appeal.

■ Section 42(a) of the act of 1933 (Ga. L. 1933, pp. 290, 292) provides that upon the rendition of a verdict or judgment in the municipal court of Atlanta any party to said cause may make an oral motion for new trial, where the amount involved is less than $300, and the court may hear the motion instanter or at such time as may be set for a hearing, and no brief of the evidence shall be necessary. Section 42(b) of that act provides: "Should the judge decline to grant said oral or written motion for new trial, as the case may be, he shall pass an order to that effect. All rulings of the trial court which under the practice in the superior court would be the subject-matter of final bill of exceptions, cross-bill of exceptions, or exceptions pendente lite, shall likewise be the subject-matter of such exceptions in this court, and such exceptions shall be presented to the trial judge within fifteen days from the date of the ruling complained of, and ordered filed and transmitted to the appellate division of said court or to the Court of Appeals or the Supreme Court, as the case may be, as hereinafter provided for in case of appeals to said appellate division or bills of exceptions to

the Court of Appeals or Supreme Court." Section 42(c) provides: "In all cases wherein the amount involved, exclusive of interest, attorneys' fees, and cost, is less than three hundred dollars, an appeal shall lie from the order overruling or refusing the motion for new trial or the final order or judgment of the trial judge, as the case may be, to the appellate division of said court; provided, however, that no appeal shall lie to the appellate division upon the first grant of a new trial by the trial judge." Section 42(d) provides: "Should the movant desire to enter an appeal to the appellate division of said court from the order denying a new trial, or from a final order or judgment of the trial judge, he shall, within fifteen days from such order, file a written statement of the grounds of his motion, and the errors of which he complains, together with a written brief of so much of the evidence adduced on the trial of the case as may be necessary to a clear understanding of the errors complained of," etc. So it will be seen from the provisions of the act of 1933 that in all cases in said court wherein the amount involved is less than $300, an appeal will lie from the order overruling or refusing a motion for new trial, or from the final order or judgment of the trial judge, to the appellate division of said court; and that all rulings of the trial court which, under the practice of the superior court would be the subject-matter of a final bill of exceptions, or exceptions pendente lite, shall likewise be the subject-matter for such exceptions in said court, as therein provided.

■ It is true that where an appeal is made to the appellate division of the municipal court of Atlanta from an order overruling an oral motion for new trial, the appellant shall within fifteen days from such order file a written statement of the grounds of his motion, assigning error on the order overruling such motion, together with a brief of the evidence. Sec. 42(d) of act of 1933 (Ga. L. 1933, pp. 290, 293); *Jeter* v. *Turman-Brown Co.,* 169 *Ga.* 30 (149 S. E. 555); *Branon* v. *Ellbee Pictures Cor.,* 40 *Ga. App.* 450 (150 S. E. 168); *Coppedge Dry Cleaning Co.* v. *Levine,* 41 *Ga. App.* 382 (153 S. E. 206); *Cohen* v. *Morris Plan Co.,* 43 *Ga. App.* 84 (157 S. E. 913); *Cooksey* v. *Roseberry,* 43 *Ga. App.* 626 (159 S. E. 741); *Columbia Building & Loan Asso.* v. *Roberts,* 44 *Ga. App.* 314 (161 S. E. 291); *Whitley* v. *Shannon,* 49 *Ga. App.* 548 (176 S. E. 517); *Fuller* v. *Rich's Inc.,* 57 *Ga. App.* 424 (195

S. E. 768). However, the plaintiff in error in the present case did not appeal from an order overruling a motion for new trial, but appealed from the final judgment, and assigned error on the order striking his answer, and alleged that this antecedent ruling was controlling and responsible for the verdict and judgment against him. This appeal was entered on the same day that the verdict and judgment were rendered against him, and within two days from the striking of his answer, and this method of appeal was authorized by law, as above shown. Consequently the appellate division of the municipal court erred in dismissing the appeal on the grounds that it failed to assign error on a motion for new trial, and that no brief of evidence was attached.

■ The bill of exceptions makes no mention or reference to a motion for new trial, but the record contains an order overruling a motion for new trial, which bears the same date as the verdict, judgment, and appeal in this case. No ground of a motion for new trial is mentioned, and under the' record there could have been none except the striking of the defendant's answer, which was not proper subject-matter for a motion for new trial. But conceding there was a motion for new trial, where the same had been overruled or disposed of by the judge, this would not prevent the plaintiff in error from entering an appeal from the final judgment and assigning error on the antecedent ruling striking his answer, where this was done in due time. *Copeland* v. *Gilbert*, 24 *Ga. App.* 387 (100 S. E. 775); *Prudential Insurance Co.* v. *Hattaway*, 49 *Ga. App.* 211, 214 (174 S. E. 736); *Wright* v. *Hollywood Cemetery Cor.*, 112 *Ga.* 884, 893 (38 S. E. 94, 52 L. R. A. 621). See *Branon* v. *Ellbee Pictures Cor.*, *Coppedge Dry Cleaning Co.* v. *Levine*, and *Columbia Building & Loan Asso.* v. *Roberts*, supra.

■ It has been repeatedly ruled both by this court and the Supreme Court that an answer to a suit on notes which only denies the allegations of the petition is no more than a plea to the general issue, and should be stricken on demurrer. Code, § 81-306; *Richey* v. *Johnson*, 21 *Ga. App.* 41 (2) (93 S. E. 514); *Gunn* v. *Head*, 116 *Ga.* 325, 327 (42 S. E. 343). The answer in the present case did not even amount to a general denial, and set up no defense. Besides, it was evasive, and for that reason was not good as an answer. Code, § 81-308. While from the standpoint of practice the judgment of the appellate division of the municipal court dis-

missing the appeal must be reversed, still, as the answer of the defendant failed to set up any defense, the judgment is reversed with direction that the action of the trial judge in striking the defendant's answer and directing a verdict for the plaintiff be affirmed by the appellate division of the municipal court.

*Judgment reversed, with direction.* *Stephens, P. J., and Felton, J., concur.*