34166. TAYLOR *v.* GOLIAN STEEL & IRON COMPANY.

DECIDED JULY 14, 1952—REHEARING DENIED JULY 28, 1952.

640

*M. T. Hartman III*, for plaintiff in error.

*Woodruff, Swift & Dorsey*, contra.

Townsend, J. (After stating the foregoing facts.) Counsel for the defendant concedes that the exceptions pendente lite were taken more than 15 days subsequent to the date on which the trial court sustained the demurrer to the answer, but contends that he is entitled to complain of this antecedent ruling by certiorari, since his certiorari was filed, not only within thirty days from the date on which the trial court rendered final judgment, but also within thirty days from the date of the antecedent ruling. The order overruling the certiorari held in part as follows: "The next question that arises is whether there is any error of which the petitioner can complain. The trial judge sustained the renewed demurrers to the defendant's answer on November 9, 1951. The statute applicable to the

Civil Court of Fulton County (Ga. L. 1933, pp. 290, 293) requires exceptions pendente lite to be filed within fifteen days from the date of the ruling complained of. The exceptions pendente lite in this case were filed after fifteen days had expired. Therefore, the ruling of the trial judge striking defendant's answer, being unexcepted to, became the law of the case."

Counsel for the defendant contends that this was error because of Code § 19-209, which provides in part as follows: "All writs of certiorari shall be applied for within 30 days after the final determination of the case in which the error is alleged to have been committed, and not after." Counsel contends that, under this Code section, he may complain of all errors which took place in the course of the trial within the 30-day period prior to the application for the writ. It will be noted, however, that the Code section merely limits the time *after final judgment* in which the writ may be applied for, but does not attempt to go into the manner in which exceptions to orders and rulings prior to final judgment may be preserved. Code § 6-905 provides for the method of preserving exceptions during the course of the trial by exceptions pendente lite. It was held in *Walker* v. *Cliff Drug Co.*, 23 *Ga. App.* 722 (99 S. E. 392), that the act creating the Municipal Court of Atlanta (Ga. L. 1913, p. 145, § 37) provided that "suits in this court . . shall proceed as suits or actions in justices' courts under the practice thereof existing under the laws relating thereto"; and that, since nothing in that act required exceptions pendente lite to be taken to a ruling on a motion to dismiss pleadings, such exceptions were not necessary, and on certiorari exception might be assigned upon such judgment without such exceptions pendente lite having first been taken. It would appear from this case that whether or not exceptions pendente lite need be taken at all depends upon the terms of the act creating the court; and, if this is true, then the time within which such exceptions must be taken must also be determined by the law setting forth the jurisdiction and rules of procedure of such court.

Following the decision in the *Walker* case, supra, the act of 1913, supra, was amended in 1933 (Ga. L. 1933, pp. 290, 293) as follows: "Sec. 42 (b) . . All rulings of the trial court which under the practice in the superior court would be the subject

matter of final bill of exceptions, cross-bill of exceptions, or exceptions pendente lite, shall likewise be the subject matter of such exceptions in this court, and such exceptions shall be presented to the trial judge within fifteen days from the date of the ruling complained of." Under this statute it was held, in *Bentley* v. *Anderson-McGriff Hardware Co.*, 54 *Ga. App.* 478 (188 S. E. 286), that where the act provided, as to suits under $300, for an appeal to the Appellate Division of the Atlanta Municipal Court, a certiorari to review the adverse judgment was properly dismissed where the appeal was not filed within the 15-day period required. It follows, therefore, that, since the act as it now exists provides that exceptions pendente lite must be filed within 15 days of the antecedent ruling complained of, and this is not done, the fact that the certiorari is filed within the 30-day period will not give the superior court jurisdiction to review such antecedent ruling.

This being so, the only judgment properly before the court was the final judgment in favor of the plaintiff. There being no exception taken to the order sustaining the special demurrers and, on failure to amend, striking the answer, a judgment in favor of the plaintiff was demanded. *Akers* v. *Decatur Street Bank*, 16 *Ga. App.* 262 (3) (85 S. E. 201).

The judgment of the superior court overruling the certiorari is without error.

*Judgment affirmed. Gardner, P.J., and Carlisle, J., concur.*