**LANPAR COMPANY, Appellant,**

v.

**Charles H. STULL, Appellee.**

**No. 4500.**

Court of Civil Appeals of Texas.

Waco.

June 16, 1966.

Rehearing Denied July 7, 1966.

**236**

Palmer, Green, Palmer & Gilmore, David J. Beck, Dallas, for appellant.

Carrington, Johnson & Stephens, James E. Coleman, Jr., Ronald L. Neill, Dallas, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal from a summary judgment for plaintiff Stull for $4500, (plus interest and attorneys' fees), due on 4½% debenture of defendant Lanpar Company.

Plaintiff alleged he was the holder of defendant's 4½% debenture #19 in amount of $7500, which was due on November 14, 1964; that defendant had paid $3000 on the principal and $607 on the interest, leaving due and owing $4500 plus interest. Defendant answered that the debenture was issued without money paid, labor done, or property received for same; and further that when defendant purchased plaintiff's shares of defendant corporation and issued therefor the debenture upon which plaintiff sues, the corporation was insolvent.

Plaintiff moved for summary judgment for the past due $4500 (plus interest and attorneys' fees), and attached affidavit that he was owner of the debenture sued on; that such was due and owing in the sum of $4500 plus interest and attorneys' fees.

Defendant opposed plaintiff's motion, and itself moved for summary judgment that plaintiff take nothing; and attached affidavit that defendant did not receive any money, property or consideration for the debentures; and that the defendant was insolvent at the time it purchased plaintiff's stock and issued the debenture therefor. Plaintiff opposed defendant's motion for summary judgment and attached affidavit that plaintiff owned 3000 shares of stock in defendant company for which he paid $7650; that defendant by letter invited stockholders to convert their common stock for 4½% debentures to be paid within 5 years; that such action was pursuant to a settlement agreement of a pending lawsuit the company had with a Dr. R. L. Dingus; that plaintiff exchanged his stock for a $7500 debenture; that defendant paid $3000 on the principal and $607 interest on the debenture, but was in default on the balance.

The trial court decreed that defendant take nothing by its motion for summary judgment, and granted plaintiff's motion for summary judgment for $4500 principal, $835.31 interest and $500 attorneys' fees

(which the parties stipulated were reasonable) against defendant.

Defendant appeals, contending the trial court erred in granting summary judgment for plainiff because:

1) There exists a fact issue as to lack of consideration for the debenture.

2) There exists a fact issue whether the debentures were issued in violation of Art. 12, Sec. 6, Texas Constitution, Vernon's Ann.St.

3) There exists a fact issue whether defendant was insolvent when debentures issued.

4) Plaintiff failed to prove he was the holder of the debenture.

We revert to defendant's 1st and 2nd contention that there exists a fact issue whether defendant received any consideration for the issuance of the debenture; and that such debenture was issued in violation of Article 12, Section 6 of the Texas Constitution.

■ The record reflects plaintiff owned 3000 shares of stock in defendant company; that defendant's Board of Directors offered to exchange debentures for stock from stockholders, and further that such was pursuant to the settlement agreement in a pending lawsuit. Plaintiff established by affidavit that he exchanged his stock for the debenture, and that defendant received such stock. Defendant's affidavit does not deny the foregoing, but asserts it received no consideration. Defendant's affidavit is not sufficient to prevent summary judgment. Sparkman v. McWhirter, Tex.Civ. App., Er. Ref., 263 S.W.2d 832.

■ Article 12, Section 6 of the Texas Constitution forbids a corporation to issue debentures except for money paid, labor done, or property received. Defendant received plaintiff's 3000 shares of stock for the debenture. Such stock was personal property. Benson v. Greenville Bank, Tex. Civ.App., n. r. e., 253 S.W.2d 918, 928; Automobile Mtg. Co. v. Ayub, Tex.Comm. App., 266 S.W. 134.

Defendant received property as well as consideration for the debentures; the Texas Constitution was not violated, but fully complied with.

■ Defendant's 3rd contention is that a fact issue was raised as to whether it was insolvent when the debenture was issued. Article 2.03, subd. F of the Texas Business Corporation, V.A.T.S. Act precludes a corporation from purchasing its own shares when it is insolvent. Defendant asserts by affidavit it was insolvent at the time of exchanging the debenture for the plaintiff's shares.

The foregoing section is to safeguard the rights of creditors. No creditor has here complained; the complaint is made by the defendant corporation who purchased the stock. In such situation the defendant is estopped to deny the validity of the transaction. San Antonio Hdw. Co. v. Sanger, Tex.Civ.App., Er.Ref., 151 S.W. 1104; Whitten v. Republic Nat. Bank, Tex., 397 S.W.2d 415.

■ Defendant's 4th contention is that plaintiff failed to prove he was the holder of the debenture. Plaintiff in his affidavit stated under oath that he was the owner and holder of the debenture sued on, and that a true copy was attached. Plaintiff did establish that he was the holder of the debenture for purposes of summary judgment. Alexander v. Houston Oil Field Material Co., Tex.Civ.App., n. r. e., 386 S.W.2d 540.

All of defendant's points and contentions are overruled.

Affirmed.