**Joe OLIVARES, Appellant,**

v.

**Leif ZARS, Appellee.**

**No. 15281.**

Court of Civil Appeals of Texas, San Antonio.

April 3, 1974.

Rehearing Denied May 1, 1974.

Jose F. Olivares, San Antonio, for appellant.

Gray, Keene, Gardner & Robison, Inc., James K. Gardner, San Antonio, for appellee.

BARROW, Chief Justice.

Appellee brought this suit against Southwest Amalgamated Properties and Securities, Inc., (SWAPS) and eight individuals, including appellant, who comprised the board of directors of SWAPS, for specific performance of a contract to repurchase 10,000 shares of stock transferred to appellee in part payment for the business he sold SWAPS. A summary judgment was entered against all defendants, but only Joe Olivares has perfected an appeal.

The motion for summary judgment was supported by the uncontroverted affidavit of appellee. From same the following facts are established. On March 8, 1972, appellee sold his business, known as New York Bakery, consisting of real estate and other assets to SWAPS by a written contract. As part consideration for this purchase, SWAPS issued 10,000 shares of common stock to appellee and agreed to redeem or purchase said stock, at appellee's option, on March 8, 1973, for $4 per share. The agreement to redeem or purchase said

stock was individually granted by the eight directors, jointly and severally.[1] On March 8, 1973, appellee exercised his option to sell said stock to the corporation and/or the directors. This suit was filed after said parties refused to carry out said agreement. Olivares filed an unsworn answer to the motion for summary judgment wherein he denied that appellee was entitled to attorney's fees or to recover a money judgment for $40,000 and still retain the stock.

A summary judgment was granted against all parties, jointly and severally, whereby the stock was tendered into the registry of the court by appellee and SWAPS was ordered to issue, on a pro-rata basis, shares of its common stock to the individual defendants in proportion to the amount of the $40,000 such party paid.

■ Appellant asserts five assignments of error on this appeal. His first two points complain of the summary judgment in that there was no determination that SWAPS was solvent so as to be legally entitled to repurchase such stock under Article 4.09, subd. A(2) of the Business Corporation Act, Vernon's Tex.Rev.Civ.Stat. Ann. The other three points complain of the construction of the contract of guaranty so as to impose personal liability upon him.

Article, 4.09, subd. A(2), supra, provides in part that " . . . no redemption or purchase of redeemable shares shall be made by a corporation: . . . (2) When there is a reasonable ground for believing that such redemption or purchase will render the corporation unable to satisfy its debts and liabilities when they fall due." See also Article 2.03(F) of said Act, supra.

There is nothing in the record before us to raise the question of insolvency of SWAPS. Neither the corporation, nor one of the individual defendants alleged that the repurchase of these shares would require the corporation to commit an act forbidden by the Business Corporation Act. Nor was such issue raised by any evidence in the summary judgment record. Cf. Hall v. Weller, Hall & Jeffery, Inc., 497 S.W.2d 374 (Tex.Civ.App.—Houston [1st] 1973, writ ref'd n. r. e.); Lanpar Company v. Stull, 405 S.W.2d 235 (Tex.Civ.App.—Waco 1966, writ ref'd n. r. e.).

Furthermore, it is seen that this appeal is by one of the individuals who guaranteed repurchase of the stock. The same situation was presented in Hall v. Weller, Hall & Jeffery, Inc., supra. It was there held that the stockholders could be held to their agreement to repurchase any of the stock that the corporation might be forbidden by Article 2.03(F) of the Act to repurchase. Appellant's first two points are overruled.

■ Appellant's principal complaint under his other points is that there was no consideration for his personal guaranty of the repurchase agreement. Such complaint is without merit. The issue of failure of consideration was not raised by pleading as required by Rule 94, Texas Rules of Civil Procedure. Furthermore, it is seen that the guaranty of performance by the eight individuals was an integral part of the consideration received by appellee for the sale of the New York Bakery to SWAPS. The transfer of such assets to SWAPS by appellee was sufficient consideration for such guaranty by appellant and the other individual directors of SWAPS. Coleman Furniture Corp. v. Lieurance, 405 S.W.2d 646 (Tex.Civ.App.—Amarillo 1966, writ ref'd n. r. e.).

---

1. The guaranty provides as follows:
   "*Personal Guarantee*
   We, the undersigned, Directors of SWAPS, INC., do in consideration of the foregoing Contract, and the benefits to us personally, hereby personally, jointly and severally, guarantee the re-purchase of the Capitol Stock by SWAPS, INC., referred to in the foregoing Contract under the terms and conditions as stated therein. And we do further acknowledge that this guarantee is made as an inducement to the execution of said Contract by Leif Zars."

It is seen that the appellant and the other directors clearly and unambiguously agreed to repurchase the 10,000 shares of stock issued appellee if the corporation failed to do so. The trial court did not err in entering judgment against appellant to enforce this agreement. Appellant's final three points are without merit.

The judgment is affirmed.