58733. HULLENDER v. ACTS II et al.

SHULMAN, Judge.

As a part of a divorce settlement, appellee-Acts II, a corporation whose sole stockholders were appellant-Mrs. Hullender and appellee-Mr. Hullender, agreed to purchase all the common stock owned by appellant-Mrs.

Hullender. In accordance with this agreement, Mrs. Hullender transferred her stock to Acts II in return for a debenture note and a personal guaranty from Mr. Hullender. When the corporation defaulted on this obligation and Mrs. Hullender's demands for payment were refused by appellees, appellant-Mrs. Hullender commenced this action seeking to collect on the debenture note and guaranty. This appeal follows the grant of appellees' and the denial of appellant's respective motions for summary judgment. For the reasons which follow, we affirm the judgment as to appellee-Acts II and reverse the judgment as to appellee-Mr. Hullender.

1. In granting appellee-Act II's motion for summary judgment, the trial court sustained Act II's contention that the purchase agreement was void ab initio under Code Ann. § 22-513 (e), which provided in pertinent part as follows: "No purchase of or payment for its [i.e., the corporation's] own shares shall be made for any purpose at a time when the corporation is insolvent or when such purchase or payment would make it insolvent . . ." Although appellant concedes that Acts II was insolvent when the debenture note was issued (in fact, Acts II has never been solvent), appellant insists that Acts II should not be permitted to take advantage of its own insolvency to avoid liability for its obligations where, as here, no creditor is involved. See, e.g., *Dalton Grocery Co. v. Blanton,* 8 Ga. App. 809 (70 SE 183), involving a situation where a solvent corporation was not permitted to take advantage of laws for the protection of creditors to repudiate a transaction where no creditors were complaining. See also *Lowry Banking Co. v. Empire Lumber Co.,* 91 Ga. 624 (1) (17 SE 968).

While we recognize that there is foreign authority to the effect that a corporation is estopped to assert its own insolvency as a defense to its obligations where no complaints by creditors are involved (see Lanpar Co. v. Stull, 405 SW2d 235 (Tex. Civ. App. 1966)), Code Ann. § 22-513 (e) contains an absolute prohibition and does not provide exceptions for its application. We conclude, therefore, that the trial court properly held the insolvency defense available to Acts II in this litigation involving an insolvent corporation and a stockholder. Cf. *Brooks-Pruitt*

*Tire Co. v. Brooks & Zuker Tire Co.,* 192 Ga. 644 (2) (16 SE2d 423); *Fitzpatrick v. McGregor,* 133 Ga. 332 (2) (65 SE 859); *McAndrew v. Taylor,* 15 Ga. App. 555 (83 SE 967).

We are unpersuaded by appellant's argument in a related enumeration of error that an analysis of interrelated provisions of the Georgia Business Corporation Code (Ga. L. 1968, pp. 565, 566, Code Ann. Chs. 22-1 through 22-20) requires the conclusion that the debenture note is not void ab initio. Since the issuance of the debenture was prohibited by law (Code Ann. § 22-513 (e)), it follows that the repurchasing contract was void (Code Ann. § 20-501) and cannot be enforced.

2. Appellant, submitting that the enforcement of the debenture against Mr. Hullender on his personal guaranty would in no way prejudice creditors of Acts II, and noting that the debenture, if in contravention of Code Ann. § 22-513 (e), is not enforceable because enforcement might prejudice the rights of creditors, urges that the court erred in holding Mr. Hullender not liable under the terms of the guaranty. This is well taken.

"The contract here made is an effort on the part of [Mr. Hullender] to individually guarantee [the debenture note evincing the illegal repurchase agreement] . . . [Can Mr. Hullender as sole stockholder of the corporation and party to the repurchase contract say, when] sued for its performance, 'the contract is unenforceable as it was wrong for us to make it,' and thereby deny liability thereunder. It would be false logic to hold that [Mr. Hullender] could avoid liability under the contract for the reason that the making of it [was] . . . an illegal act to the detriment of third persons. If there is a wrong or if any harm has been committed, let those who have been injured complain, and not those who have made the wrong a possibility." *Allen v. Henderson,* 48 Ga. App. 74, 79 (172 SE 94). Cf. generally *Unigard Ins. Co. v. Zimmerman's, Inc.,* 151 Ga. App. 394 (1) (259 SE2d 652); *Holt v. Rickett,* 143 Ga. App. 337 (3) (238 SE2d 706). Compare *Hartsfield Co. v. Kitchens,* 51 Ga. App. 154 (2) (179 SE 920), holding that a guarantor was entitled to assert the illegality of the principal obligation (i.e., that a note underlying the guaranty was void and unenforceable) in order to prevent the lender from ultimately collecting on the note and

thereby prevent the lender from benefiting from its own wrongdoing. Accordingly, we hold that Mr. Hullender is not entitled to invoke the illegality of the obligation underlying the debenture note and thereby avoid liability as a personal guarantor.

Since appellant-Mrs. Hullender established the existence of the obligation and the default thereon, and since we have held the defense asserted by Mr. Hullender to be unavailable, appellant-Mrs. Hullender is entitled to summary judgment against Mr. Hullender under the terms of the guaranty executed by him.

3. A reading of the order of the trial court shows that the order was limited to the guaranty and debenture note. The trial court did not intend to affect, and the order does not declare void, any portions of the settlement agreement entered into between Mr. and Mrs. Hullender and incorporated in their final judgment and decree of divorce entered July 16, 1976. Of course, insofar as this litigation does affect the settlement agreement, the settlement agreement shall, when proper, be modified so as to give effect to the judgment as finally entered herein.

*Judgment affirmed as to appellee-Acts II; judgment reversed as to appellee-Mr. Hullender with direction that summary judgment be entered in favor of appellant-Mrs. Hullender and against appellee-Mr. Hullender. Deen, C. J., and Carley, J., concur.*

SUBMITTED OCTOBER 3, 1979 — DECIDED JANUARY 7, 1980 — REHEARING DENIED JANUARY 21, 1980 —

*John M. Millkey,* for appellant.
*Wayne L. Cardon,* for appellees.