### 5228. KINNEY et al. v. AVERY & COMPANY.

1. Where an affidavit of illegality is interposed to the levy of a mortgage fi. fa., the bond given by the defendant in execution must be payable to the plaintiff, and be conditioned for the return of the property when called for by the levying officer.

2. A bond payable to the levying officer and conditioned for the delivery of the property at the time and place of the sale is not a good statutory bond. *Gelders* v. *Mathews*, 6 *Ga. App.* 144 (64 S. E. 576).

3. The bond is, however, a good common-law obligation, and may be enforced as such by suit brought in the name of the obligee for the use of the plaintiff in execution. A suit brought on such a bond directly by the plaintiff is subject to general demurrer raising the point that the petition shows on its face that the plaintiff has no right of action. See *Anderson* v. *Blair*, 118 *Ga.* 212 (45 S. E. 28); *Anderson* v. *Brumby*, 115 *Ga.* 644 (42 S. E. 77); *O'Neill* v. *Harris*, 120 *Ga.* 467 (47 S. E. 934); *Hatton* v. *Brown*, 1 *Ga. App.* 747 (57 S. E. 1044).

4. The execution of such a bond estops both the principal and the sureties thereon from attacking the validity of the execution upon which the levy was founded. See *Smith* v. *Davis*, 3 *Ga. App.* 419 (60 S. E. 199).

5. Mortgage-foreclosure proceedings are not void merely because they fail to show jurisdiction of the court over the person of the defendant. Even if the filing of affidavit of illegality and the giving of a replevy bond are not such appearance and pleading as amount to a waiver of jurisdiction, the defect in the proceeding is amendable. Civil Code, § 5691; *Penn* v. *McGhee*, 6 *Ga. App.* 63 (65 S. E. 686).

6. If property described in a forthcoming bond be taken from the custody of the principal obligor under superior legal process, this may be shown as a defense to an action on the bond. See *Rockmore* v. *Garner*, 9 *Ga.*

*App.* 369 (71 S. E. 506); *Floyd* v. *Cook,* 118 *Ga.* 526 (45 S. E. 441, 63 L. R. A. 450); *Allen* v. *Allen,* 119 *Ga.* 278 (45 S. E. 959). But if the principal obligor surrenders the property under a process which is invalid or which for any reason is inferior to the lien of the mortgage, this would be no defense to a suit upon the bond.

7. Where personal property has been levied upon under a mortgage fi. fa. issued more than four ·months before the defendant in execution has been adjudicated a bankrupt and a forthcoming bond has been given, the seizure by the bankruptcy court of the property levied upon and described in the forthcoming bond can not affect the rights of the plaintiff in execution, and will not release the surety on the forthcoming bond from his obligation to produce the property according to the terms of the bond. *U. S. F. & G. Co.* v. *Murphy,* 4 *Ga. App.* 13 (60 S. E. 831).

8. The dismissal of an affidavit of illegality for want of prosecution does not amount to an adjudication of the merits of the issues raised by the affidavit, and hence does not operate to estop either the principal obligor or his securities on the forthcoming bond, when sued on the bond, from showing that either before or after the affidavit was filed, the mortgagor made payments on the mortgage, which the mortgagee failed to credit on the mortgage execution. Civil Code, § 5679; *Collins* v. *Hudson,* 69 *Ga.* 684; *Macon Ry. Co.* v. *Walton,* 127 *Ga.* 294 (56 S. E. 419); *American Investment Co.* v. *Cable Co.,* 4 *Ga. App.* 106 (5) (60 S. E. 1037); *Missouri Ins. Co.* v. *Lovelace,* 1 *Ga. App.* 466 (58 S. E. 93).

9. Nor would the dismissal of the affidavit of illegality estop the defendant in execution from showing that an accord and satisfaction of the debt represented by the mortgage was made before or after the dismissal.

10. The mortgage having been given to secure purchase-money notes in which title to the property was retained by the seller, and this property having been seized and delivered into the custody of the bankruptcy court in proceedings against the mortgagor, the mere· fact that the mortgagee recovered the property from that court under his retention of title would not amount to a rescission of the contract of sale, but the mortgagee would be required to credit upon the mortgage fi.· fa. whatever the property was worth at the time it was recovered from the bankruptcy court. The cases relied upon by the plaintiff in error, to wit, *Moultrie Repair Co.* v. *Hill,* 120 *Ga.* 730 (48 S. E. 143), *Glisson* v. *Heggie,* 105 *Ga.* 30 (31 S. E. 118), *Tidwell* v. *Burkett,* 81 *Ga.* 84 (6 S. E. 816), and *Rhodes* v. *Jenkins,* 2 *Ga. App.* 475 (58 S. E. 897), do not conflict with the ruling announced above.

11. It being apparent from the defendants' answer as amended that they did not contest the existence of the foreclosure proceedings, but merely attacked their validity, for reasons set out in certain special defenses, it was not erroneous to admit in evidence a certified copy of the foreclosure proceedings, though the official seal of the clerk was not attached.

DECIDED JANUARY 20, 1914.

Action on bond; from city court of Albany—Judge Clayton Jones. August 14, 1913.

*Pope & Bennet,* for plaintiffs in error.

*R. D. Smith, Peacock & Gardner,* contra.

POTTLE, J.   The headnotes set forth the opinion we entertain of the various questions raised in the record.   The bond sued on was not a good statutory bond, but was a good common-law obligation, and suit could be maintained on it in the name of the officer for the use of the plaintiffs.   Suit could not be brought by plaintiffs not named in the bond as obligees.   For this reason the demurrer which raised the point that no cause of action was set forth in favor of the plaintiffs should have been sustained.   The defect, however, is amendable so as to let the suit proceed in the name of the levying officer for the use of the plaintiffs.   Civil Code, § 5689.   The court was right in holding that the execution of the bond estopped the defendants from attacking the regularity or validity of the mortgage-foreclosure proceedings.   The court erred, however, in holding that the dismissal of the affidavit of illegality, for want of prosecution, and the judgment ordering that the execution proceed, estopped the defendants from showing that, either before or after the affidavit of illegality was filed, certain payments had been made to the mortgagees which had not been credited on the fi. fa.   Neither were the defendants estopped from proving an accord and satisfaction of the mortgage debt, made either before or after the affidavit of illegality was filed.   The dismissal of the affidavit of illegality was not an adjudication of the merits of the issue therein tendered.   If no bond had been given, the officer would have been required to make a new levy, and another illegality could have been filed.   Bond having been given in lieu of the property, the action on the bond was the legal equivalent of a new levy.   The only opportunity the defendants could ever have to show payment would be in a defense to a suit on the bond; and, never having had this defense determined, the dismissal of the affidavit of illegality did not preclude them from setting it up.   The defendants are entitled to have credited on the mortgage fi. fa. the value of the property received by the plaintiffs from the bankruptcy court, but the mere reception of this property would not amount to a satisfaction of the mortgage execution.   While the original answer denied all the material allegations in the petition, still it is apparent from the amended answer that the defendants did not contest the fact of the existence of the foreclosure proceedings, copies of which were attached to the petition.   For this reason they can not complain that a copy of the proceedings was ad-

mitted in evidence, and we are not now required to rule upon the defendants' point that the seal of the officer should have been attached.

Prior to the adoption of the code the general rule was that a certified copy of an office paper was required to be under the hand and seal of office of the person signing and certifying it. *Thomasson* v. *Driskell,* 13 *Ga.* 253. It would seem that since the adoption of the code, with certain exceptions, the official seal of an officer of the State or county need not be attached to render the certified copy admissible in evidence in the courts of this State. Civil Code, § 5798. The rule is otherwise in reference to municipal officers (Civil Code, § 5803); and section 220 provides that a copy of the bond of the treasurer, certified by one of the Governor's secretaries, and bearing the seal of the executive department, shall be received in evidence. Section 1773 provides that a copy of the official analysis of any fertilizer or chemical, to become admissible, shall bear the seal of the department of agriculture. Section 2212 requires that certified copies of corporation returns, from the records of file in the secretary of State's office, shall bear the seal of his office, to be admissible. *Judgment reversed.*