## HOPKINS *v.* JACKSON *et al.*

1. Where after verdict, during the same term, the losing party made a motion for a new trial, but there was no service of the motion, yet where at a subsequent term (the brief of evidence having been filed on the day before that fixed for a hearing of the original motion) counsel for both parties argued the motion generally, and the court reserved its decision until a subsequent date, but no decision was rendered, the death of the presiding judge having supervened, it was error upon the part of his successor to dismiss the motion for a new trial, as the record was complete so far as it embraced an approved brief of the evidence and the general grounds of the motion for a new trial, which latter did not require approval.
2. The order of the judge overruling the motion for a new trial after having dismissed the same was a mere nullity; and the motion will be heard upon its merits after reinstatement.

No. 486.   APRIL 12, 1918.

Motion for new trial. Before Judge Meldrim. Chatham superior court. May 24, 1917.

*J. R. Cain* and *Travis & Travis,* for plaintiff in error.

*Wilson & Rogers* and *Lawton & Cunningham,* contra.

BECK, P. J. This case was tried in the superior court of Chatham county on June 30, 1914. A motion for a new trial was made during the term when the verdict was rendered, and by an order granted during the same term, dated July 20, 1914, the hearing of the motion was set down for August 15, 1914. It was recited in the order that a brief of the evidence should be presented for approval "on or about the date aforesaid." The brief of evidence was filed in the office of the clerk of the court on August 14, 1914, and on it was also endorsed this entry: "Approved this February 18, 1916. Walter G. Charlton, Judge E. J. C. of Ga." There was no entry of service or acknowledgment of service of the motion for a new trial or of the rule nisi; but on the minutes of the court of March 11, 1916, was the following entry immediately after the title of the case (giving names of parties and nature of action) : "Arguments were heard from counsel on both sides upon the motion for new trial filed in the above-entitled case, after which the court took the matter under consideration. Court took a recess until 10 o'clock Monday morning. Correct. [Signed] Charlton, Judge S. C. E. J. C. of Ga." Judge Charlton died nearly a year after this entry was made, without having passed upon the motion for a new trial. When

the motion was called up for hearing before his successor, Judge Meldrim, a motion to dismiss it was made. Certain grounds of an amendment to the motion for a new trial, which had been submitted, had never been approved by Judge Charlton. Upon the charge of the court, which had not been written out by Judge Charlton himself but by some one else, appeared the following entry: "Correct so far as I can remember after a lapse of a year. This Feb. 18, 1916. Walter G. Charlton, Judge E. J. C. of Ga." After considering the motion to dismiss, Judge Meldrim sustained it; and in the same order he overruled the motion for a new trial. The movant excepted to both rulings.

1. The judgment dismissing the motion for a new trial was error. The judge, in an opinion accompanying his ruling, stated that the record was in a state of great confusion; and with this statement we agree. Nevertheless, although there may have been laches upon the part of both the movant and the respondent in bringing on the motion for a hearing, we do not think that the laches on the part of the movant was such as to authorize a dismissal of the motion. While the motion does not seem to have been completed on the day specified in the order taken in term time, nevertheless it had not been dismissed, and it remained open and was carried over to a subsequent term. The brief of evidence had been filed on the day next before the day first fixed for a hearing of the motion. That it was not approved until subsequently would not work a dismissal, unless the judge who heard the case should subsequently find himself unable to approve the brief of evidence because of a failure to remember the evidence, and on that ground should decline to approve it. But the predecessor of the incumbent did not decline to approve the brief on that ground. He did approve it on the day stated above; and during term time of the superior court, as shown by the minutes of the court, argument by counsel for both parties on the motion was heard. In view of no qualification of this recital on the minutes, we take it that counsel was heard to argue the motion generally on the day appearing upon the minutes. This, we hold, was a waiver of any failure to provide for service of the rule nisi and of a failure to serve. After the case was argued the judge reserved his decision, and as a matter of fact did not finally pass upon the merits of the motion, but died with-

out disposing of it. But as the motion had been completed and argued generally, the failure of the judge to pass upon it before his death could not deprive the movant of his right to have the questions made in the motion adjudicated; and it was error to dismiss the motion. *Davis* v. *Howard, 57 Ga.* 607; *Central R. Co.* v. *Pool, 95 Ga.* 410 (22 S. E. 631); *Peagler* v. *Davis, 145 Ga.* 316 (89 S. E. 201).

2. Having held that it was error to dismiss the motion for a new trial, the judgment of the court below giving the case that direction is reversed, and the motion will be reinstated. We do not, however, pass upon the merits of the motion for a new trial; for the judge when he overruled the motion was without jurisdiction of the case. That part of his order purporting to overrule the motion must be treated as a mere nullity. And the same is true of the nunc pro tunc order approving the special grounds of the motion for a new trial. What we have said as to reinstating the motion applies merely to the original motion containing the general grounds, as no approval of this was needed.

*Judgment reversed. All the Justices concur, except Fish, C. J., absent.*