*Ault & Wright*, contra.

---

## 10334.   COPELAND *v.* GILBERT.

STEPHENS, J.   1. A direct bill of exceptions which excepts to the verdict and to a ruling of the court necessarily controlling the verdict, viz. the direction of a verdict, which is brought up under section 6144 of the Civil Code, is not subject to dismissal upon the ground that the plaintiff in error failed to except to the final judgment.

2. A motion for a new trial will not operate to deprive the movant of his right to a direct bill of exceptions complaining of a ruling of the trial judge that controlled the verdict, when such motion for a new trial had been dismissed before the signing and filing of the bill of exceptions; and such direct bill of exceptions, when tendered in due time, will not be dismissed on the ground that the plaintiff in error had elected to move for a new trial instead of coming to this court on a direct bill of exceptions. See, in this connection, *Wright* v. *Hollywood Cemetery Corp.*, 112 *Ga.* 884, 893, 894 (38 S. E. 94, 52 L. R. A. 621).

3. The questions of law which were decided in this case upon general demurrer when brought before this court as reported in *Gilbert* v. *Copeland*, 22 *Ga. App.* 752 (97 S. E. 251), have no application to the case as here presented under the evidence. The evidence upon the trial showed that the relation of landlord and tenant existed between the defendant Copeland, as landlord, and a third party by the name of Bell, as his tenant; that the rent was to be paid in kind, the landlord receiving part of the crop; that the crop sued for had been delivered to the landlord by the tenant for the payment of rent for the premises upon which it had grown. As a landlord holds a lien for rent upon all the crops raised by his tenant upon the rented premises, a trover suit, therefore, cannot be maintained by a third party, claiming title under contract with the tenant, to recover the crops raised by the tenant on the rented premises and delivered by the latter to the landlord for the payment of rent, until the lien in favor of the landlord has been discharged. The fact that the tenant was under contract with the third party (plaintiff in trover) to deliver to such third party certain parts of the crop in question which was raised from seed furnished by plaintiff and the title to which crop, under the contract, was to remain in the plaintiff, would not operate to destroy the landlord's lien for rent on all of the crops raised on his land, including those

described in the contract with the plaintiff in trover. The court therefore erred in directing a verdict for the plaintiff.

*Judgment reversed. Jenkins, P. J., and Smith, J., concur.*
DECIDED NOVEMBER 6, 1919.

Trover; from city court of Thomasville—Judge W. H. Hammond. January 6, 1919.

*Titus, Dekle & Hopkins,* for plaintiff in error.
*C. E. Hay, Eldon L. Joiner,* contra.