CROSS *v.* THE STATE.

GILBERT, J.   1. " The order of the judge overruling the motion for a new trial after having dismissed the same was a mere nullity."   *Hopkins* v. *Jackson,* 147 *Ga.* 821 (2), 823 (95 S. E. 675).

2. According to the principle ruled in *Pendergrass* v. *Duke,* 140 *Ga.* 550, 552 (79 S. E. 129), the judgment dismissing the motion for a new trial was not erroneous.

(*a*) The facts shown in the record do not amount to a waiver, on the part of the solicitor-general, of the filing of a brief of evidence as required by law, the written motion to dismiss having been presented during the hearing on the merits of the motion for a new trial.   Under the provisions of the act of the General Assembly of 1911 (p. 150, § 3) such a waiver results only where the judge has finally passed on the merits of a motion for a new trial.

(*b*) The plaintiff in error seeks to differentiate the present case from *Pendergrass* v. *Duke,* supra, on the ground of the waiver signed by the solicitor-general.   In the *Pendergrass* case, as shown by the original record of file in this court, the acknowledgment of service was in the following words:   " Due and legal service of the within motion and order acknowledged; time, copy, and all other and ˙further service waived."   Comparing this acknowledgment with the facts of the present case, it is obvious that there is no substantial difference between the waivers in the two cases.   In each case there was a failure to comply with the mandatory provisions of the code, requiring the movant to file within a specified time the brief of the evidence; and there was no valid order extending the time within which the same could be done.   *Garraux* v. *Ross,* 150 *Ga.* 645 (104 S. E. 907), and authorities cited.   The judgment dismissing the motion for a new trial is affirmed.

> *Judgment affirmed.   All the Justices concur.*
>                    No. 2101.   DECEMBER 20, 1920.

Motion for new trial. Before Judge Thomas. Bibb superior court. May 8, 1920.

H. Lee Cross was tried during the February, 1920, term of Bibb superior court, under an indictment charging murder. Verdict of guilty, with recommendation, was returned. A motion for new trial was made. At the hearing upon the same, counsel for the State presented a written motion to dismiss the motion for a new trial, upon the following grounds: (1) That no valid motion for new trial had been filed in Bibb superior court or presented to the judge presiding in that court during the February, 1920, term of said court. (2) Because the motion for a new trial with the rule nisi was presented to Hon. W. E. Thomas, judge of the Southern Circuit, who had presided in the trial of the case and who had left Macon at the conclusion of the trial, at Valdosta, at a time when Hon. H. A. Mathews, judge of the Macon Circuit, was actually present and presiding in Bibb superior court. (3) Because no brief of the evidence accompanied the original motion, and because none was presented to any judge presiding in Bibb superior court during the February term, 1920, and because no valid order was taken extending the time for filing such brief. (4) Because the order requiring the respondent to show cause why a new trial should not be granted did not issue from the superior court of Bibb county. (5) Because said order was not signed by the judge presiding over said court at the time said order was signed.

In a written response to this motion to dismiss, the defendant set up that the verdict of guilty was returned at about 10 o'clock p. m. on the night of February 27th; that his counsel immediately stated to Judge Thomas in open court, "The defendant will file a motion for a new trial," and asked, "Will your honor be in the city to-morrow?" to which the judge replied, "No, I will leave on the train to-night; but the court will be open, and you can mail me the motion, and I will sign the order;" that the motion was accordingly mailed to Judge Thomas at Valdosta during the following week, and was filed in the office of the clerk of Bibb superior court on March 4th; that the solicitor-general had acknowledged service on the motion for new trial and order of the judge, and in addition had waived rule nisi and all other notice; that, irrespective of the order of the judge, such waiver

made a complete motion for new trial, with the exception of the filing of the brief of evidence; that the original order passed by Judge Thomas gave the movant until April 24th to file the same; that the solicitor-general had agreed to a continuance of the hearing from April 24th to May 1st, to enable them to perfect the brief of evidence; that on May 1st counsel for the State, with defendant's counsel, had met Judge Thomas at Valdosta and co-operated in the perfection of the brief of evidence; that counsel for the State had requested additional time within which to make a showing in response to one ground of the motion for new trial, which was granted, and that the response had been made and was a part of the record; that during the argument upon the merits of the motion for a new trial the motion to dismiss above stated was made; that counsel for the State were, by their conduct, estopped from making the motion to dismiss on any ground, and that all defects in respect to the judge signing the order on the motion for new trial had been cured by the waiver of the solicitor-general. The original order of Judge Thomas on the motion for new trial provided that the same should be heard at Valdosta on April 24th, and that the movant should have until that time to file a brief of the evidence. It did not include any requirement that the respondent should show cause. Beneath the order signed by the judge on the original motion for new trial there appears the following waiver of notice by the solicitor-general: "Due and legal service of the foregoing for a new trial and order of the judge therein; copy of the same, rule nisi and copy of the same, and all further notice waived." On April 24th Judge Thomas passed at Valdosta an order continuing the hearing on the motion for new trial and extending the time for filing the brief of evidence until May 1st. To the motion of the solicitor-general to dismiss the motion for a new trial was attached a certified transcript from the minutes of Bibb superior court showing that Judge Mathews had presided in that court during the week beginning March 1st, 1920. Judge Thomas sustained the motion of the solicitor-general, and dismissed the motion for a new trial, and in the same order overruled the same on its merits. The defendant excepted.

*W. A. McClellan, R. L. Berner,* and *T. A. Jacobs Jr.,* for plaintiff in error.

*R. A. Denny, attorney-general, Charles H. Garrett, solicitor-general, Graham Wright,* and *Ross & Ross,* contra.