23586. PRUDENTIAL INSURANCE COMPANY OF AMERICA *v.* HATTAWAY *et al.*

DECIDED MAY 29, 1934.

*Jones, Johnston, Russell & Sparks,* for plaintiff in error.
*J. Frank Jackson, Rowland & Rowland,* contra.

MacINTYRE, J. Thomas T. Hattaway and Edward B. Keel brought an action against Prudential Insurance Company of America on an insurance policy. We quote from the bill of exceptions as follows: "The petition in said case was filed on the 3d day of July, 1933, returnable to the July term, 1933, of said court, which court convenes on the fourth Monday in July, 1933, which was the 24th day of July, 1933." "By the provisions of the act creating the city court of Sandersville, defendants in said court are required to file with the clerk of said court at least five days before the first term of said court all defenses, either by way of demurrer or plea. On the 22d day of July, 1933, two days before the first day of the first term of said court, defendant filed with the clerk of said court its plea in abatement and traverse of the return of service of the petition and process in said case upon the defendant. Subject

thereto defendant filed a demurrer to said return of service, and an answer and a demurrer to plaintiff's petition. The sheriff's return of service was made on July 7, 1933, and recited that the defendant had been served with a copy of the petition and process 'by handing same to Mell J. Tanner, agent.' Defendant's plea in abatement and traverse . . had been filed, and was on file in the office of the clerk of said court, on the first day of the first term of said court, and the officer who made said return had been made and was made a party thereto. Defendant's demurrer to said return of service had likewise been filed, and was on file in the office of the clerk of the city court of Sandersville on the first day of the first term of said court. . . On the first day of the first term of said court, to wit, the July term, 1933, of said court, on the 24th day of July, 1933, the attorneys for the plaintiffs called said case up before the court and asked the court for a verdict and judgment, on the ground that said case was in default, and the court granted the request of the attorneys, and a jury was impaneled and a verdict was returned for the plaintiffs on said day, on which verdict judgment was duly entered. Prior to the 22d day of July, 1933, . . the judge of the city court of Sandersville had publicly announced, and the bar and officers of the court and litigants therein understood, that no litigated or contested issues of fact would be tried at the July term, 1933, of said court, but that only default and uncontested matters would be disposed of. This information was conveyed to defendant by the clerk of said court on the 21st day of July, 1933, and the defendant acted and relied thereon, and understood that no litigated or contested issues of fact would be tried, and was not in court on the first day of the July term of said court when said case was called up by the attorneys for the plaintiffs and when verdict and judgment were entered in said case as by default. At the July term of said court, and within thirty days after said verdict and judgment were rendered, to wit, on August 2, 1933, defendant filed its motion for a new trial in said case, . . and on the 16th day of August, 1933, said motion for new trial was overruled . . "

"To the judgment and decision of the court rendered on the 24th day of July, 1933, adjudging and deciding that said case was in default and that it was in order for verdict and judgment to be rendered therein by default, defendant . . excepted, and . . excepts and assigns error thereon, as being contrary to law, and

says that said case was not in default so as to entitle the plaintiffs to a verdict and judgment by default, because there had been filed, under the general rules of law applicable thereto, a traverse of the officer's return of service, which traverse was in due form and was filed in due time, and which traverse rendered it improper to proceed in said case as by default and to render a verdict and judgment therein as by default as long as the issues of fact raised by said traverse remained undisposed of. Defendant submits that it was error for the court to adjudge and decide that said case was in default, and that it was error to impanel a jury therein and to submit said case to said jury and to permit verdict and judgment to be rendered in said case as if said case were in default. Defendant submits that said case could not properly be presented as long as there was pending on file in said case a demurrer to the sheriff's return of service, said return of service not being amended, and said proceeding not disclosing that there was a valid service of the petition and process on the defendant. The return of service . . shows merely that the defendant was served with a copy of the petition and process 'by handing same to Mell J. Tanner, agent,' and . . this return does not under the law show a valid and legal service of the petition and process on the defendant. · Defendant . . submits that the judgment entered on said verdict in favor of the plaintiffs was error as a matter of law because there was no valid return of service of the petition and process in said case, and because the defendant had demurred to the return made by the sheriff of said court, which return was the only evidence of any service upon the defendant in said case. To the judgment of the court in favor of the plaintiffs and against the defendant, the defendant . . excepted, and . . excepts and says that said judgment was error as a matter of law because: (a) The verdict of the jury was rendered as by default without evidence to support same, and without any evidence being offered, and without submitting to the jury any issues of fact, and particularly without submitting to the jury the issues of fact made by defendant's plea in abatement and traverse of the officer's return of service. (b) Because it had been announced by the court that no contested or litigated issues of fact would be tried at that term of court, and because the defendant was not present when said verdict and judgment were rendered, either in person or by attorney, the defendant having acted and relied on

the announcement of the court, communicated to it by the clerk of the court, that no contested or litigated issues of fact would be tried, but that only uncontested cases and issues of law would be considered and passed upon. (c) Because the court erred in adjudging and deciding that the said case was in default and that it was proper to render verdict and judgment therein as by default as long as there was pending on file in said court a traverse of the officer's return of service, which traverse raised issues of fact which were not submitted and which were not passed upon at said time or at said term of court. To the judgment of the court overruling defendant's motion for a new trial and denying a new trial, defendant . . excepted and . . excepts and assigns error . thereon . . "

In their brief counsel for defendants in error state that they moved to dismiss the traverse and plea upon specified grounds, that the court dismissed it upon their motion, and that an exception to a ruling upon pleadings is not proper subject-matter of a ground of a motion for a new trial. In the first place, the record does not show that the traverse and plea was dismissed upon motion; and the record determines the questions which this court must decide. In the second place, whether the motion for a new trial was or was not the proper remedy to pursue, the bill of exceptions was tendered and certified within thirty days of the judgment of July 24, 1933, adjudging and deciding that the case was in default and that it was in order for a verdict and judgment to be rendered therein by default, and the case is properly before this court by direct exceptions. See, in this connection, Civil Code (1910), § 6144; *Wright* v. *Hollywood Cemetery Cor.*, 112 *Ga.* 884, 894 (38 S. E. 94, 52 L. R. A. 621); *Copeland* v. *Gilbert*, 24 *Ga.·App.* 387 (100 S. E. 775).

Section 38 of the act creating the city court of Sandersville (Ga. L. 1901, pp. 164, 173) provides that "all defenses, either by way of plea or demurrer, shall be filed by defendants at least five days before the term of the court to which the suit is returnable." Plaintiff in error filed its traverse two days before the first day of the first term of court, and (according to the plea and traverse) within one day after notice of the entry of service. Under the Civil Code (1910), § 5566, "The entry of the sheriff or any officer of the court, or his deputy, may be traversed by the defendant at the first

term after notice of such entry is had by him, and before pleading to the merits . . " This is a rule of general application in the courts of this State, and it is not changed by the act creating the city court of Sandersville. See *Kahn* v. *Southern Building & Loan Association,* 115 *Ga.* 459 (2) (41 S. E. 648). It follows that the traverse and plea should have been decided upon its merits, and should not have been ignored, and that the judgment of July 24, 1933, adjudging and deciding that the case was in default and that it was in order for a verdict and judgment to be rendered therein by default, was erroneous. Because of this error, the judgment is reversed.

The demurrer merely avers that the officer's entry of service "does not constitute any legal return of service upon the Prudential Insurance Company of America." The return of service was not void, and was amendable. *Pennsylvania Casualty Co.* v. *Thompson,* 123 *Ga.* 240 (51 S. E. 314) ; *Love* v. *National Liberty Insurance Co.,* 157 *Ga.* 259 (121 S. E. 648) ; *Hayes* v. *American Bankers Insurance Co.,* 46 *Ga. App.* 552 (167 S. E. 731). We think, however, that orderly procedure required that the demurrer attacking the return, or evidence of service, should have been disposed of first, and that then the issue of fact of service raised by the traverse and plea should have been determined. See, in this connection, *Anderson* v. *Fulton County Homebuilders,* 147 *Ga.* 104 (92 S. E. 934) ; *Avery* v. *Middlebrooks,* 20 *Ga. App.* 724 (93 S. E. 227).

*Judgment reversed. Broyles, C. J., and Guerry, J., concur.*