30628. HENDERSON *v.* AMERICAN TELEPHONE & TELEGRAPH CO.

DECIDED OCTOBER 7, 1944.

608

*Henry M. Henderson, Paul L. Lindsey Jr.,* for plaintiff.
*Neely, Marshall & Greene,* for defendant.

SUTTON, P. J. (After stating the foregoing facts.) Section 42 (a) of the act of 1933 (Ga. L. 1933, p. 290) provides that upon the rendition of a verdict or judgment in the municipal court of Atlanta any party to said cause may make an oral motion for a new trial, where the amount involved is less than three hundred dollars, and the court may hear the motion instanter or at such time as may be set for a hearing, and no brief of the evidence shall be necessary. Section 42 (b) provides: "All rulings of the trial court which under the practice in the superior court would be the subject-matter of final bill of exceptions, cross-bill of exceptions, or exceptions pendente lite, shall likewise be the subject-matter of such exceptions in this court, and such exceptions shall be presented to the trial judge within fifteen days from the date of the ruling complained of, and ordered filed and transmitted to the appellate division of said court, or to the Court of Appeals, or the Supreme Court, as the case may be, as hereinafter provided for in case of appeals to said appellate division or bills of exceptions to the Court of Appeals or Supreme Court." Section 42 (c) provides: "In all cases wherein the amount involved, exclusive of interest, attorneys' fees, and costs, is less than three hundred dollars, an appeal shall lie from the order overruling or refusing the motion for new trial or the final order or judgment of the trial judge, as the case may be, to the appellate division of said court." The Code, § 6-804, provides: "In any case where the judgment, decree, or verdict necessarily has been controlled by one or more rulings, orders, decisions, or charges of the court, and the losing party desires to except to such judgment, decree, or verdict, and to assign

error on the ruling, order, decision, or charge of the court, it shall not be necessary to make a motion for new trial, nor file a brief of the evidence, but the party complaining shall be permitted to present a bill of exceptions containing only so much of the evidence or statement of facts as may be necessary to enable the appellate court to clearly understand the ruling, order, decision, or charge complained of."

The plaintiff, after dismissing the oral motion for a new trial, and within fifteen days from the date of the verdict and judgment, entered an appeal from the final judgment to the appellate division of said court, and, assigning error on the antecedent rulings allowing the amendment to the answer and overruling the demurrer to the answer as amended, alleged that such rulings entered into and affected the proper progress and final result of the case, and, in fact, controlled the verdict and judgment, and that the court erred in permitting said verdict and judgment to be entered. The appellate division held that it did not have jurisdiction of the appeal and dismissed it for that reason, it being recited in the order of dismissal that, "The motion for new trial in this case having been dismissed and the order or judgment excepted to being interlocutory and not such a final order and judgment from which an appeal would lie, the appellate division of this court does not have jurisdiction of this appeal and the motion to dismiss the same is hereby sustained."

The fact that the plaintiff made a motion for a new trial and voluntarily dismissed it would not prevent him from entering an appeal from the final judgment to the appellate division of the civil court, assigning error on the antecedent rulings complained of, if done, as it was in this case, within the time provided by law for entering such an appeal. McGee v. Knox, 60 Ga. App. 72, 75 (2 S. E. 2d, 808); Copeland v. Gilbert, 24 Ga. App. 387 (100 S. E. 775); Prudential Insurance Co. v. Hattaway, 49 Ga. App. 211, 214 (174 S. E. 736); Wright v. Hollywood Cemetery Corp., 112 Ga. 884, 893 (38 S. E. 94, 52 L. R. A. 621). The contention of the defendant in error that there is no valid assignment of error on the final judgment can not be sustained. The plaintiff in error in the appeal to the appellate division followed the rule laid down in Lyndon v. Georgia Ry. & Elec. Co., 129 Ga. 353 (58 S. E. 1047), where it was held that an assignment upon a final judgment as follows: "After said rulings the case went to trial regularly on

its merits, with submission of evidence and charge of the court, and a verdict was rendered for the defendant and judgment entered thereon. Having refused to allow the petition to be amended as above recited, and such rulings being controlling, as plaintiff in error contends, in the result of the case, the court erred in permitting said verdict to be rendered and said judgment to be entered, the plaintiff in error excepted, now excepts and assigns the same as error upon the ground that the same was contrary to law, and that the court having refused to let the petition be amended, and such refusal, as the plaintiff in error contends, being controlling in effect, the said verdict and judgment could not be a legal termination of the case," is a sufficient assignment of error on the final judgment. The present case is controlled by the rulings in *McGee* v. *Knox* and *Lyndon* v. *Ga. Ry. & Electric Co.*, supra.

The appellate division of the civil court of Fulton County erred in dismissing the appeal on the ground that it did not have jurisdiction to entertain the same.

*Judgment reversed. MacIntyre and Felton, JJ., concur.*