JONES *et al. v.* JOHNSON.

No. 16059. February 10, 1948.

*Alfred Herrington,* for plaintiffs.

*Williams & Smith,* for defendant.

HEAD, Justice. The petition does not contain any allegations as to when the defendant procured a conveyance of the land to her by Emanuel County, except that it is alleged that she was acting as the agent of her mother in securing such transfer, and that her mother died in 1930. It is further alleged that the tax deed and the transfer are recorded in the public-deed records in the same book and page. The plaintiffs having alleged that the defendant is in possession of the land and claiming under the tax deed and transfer executed prior to 1930 and duly recorded, the petition, construed most strongly against them on general demurrer, as it must be, clearly shows title by prescription in the defendant in error.

The plaintiffs in error rely upon an allegation that the defendant fraudulently had the title conveyed to herself instead of to their mother. The period of limitation applicable to an action for fraud in procuring the title to land is the same as that which would apply to an action for the land, to wit, seven years from the discovery of the fraud. Code, § 3-807; *Cade* v. *Tate,* 35 *Ga.* 280; *Knox* v. *Yow,* 91 *Ga.* 368 (5) (17 S. E. 654); *Crawford* v. *Crawford,* 134 *Ga.* 114 (67 S. E. 673, 28 L. R. A. (N. S.) 353, 19 Ann. Cas. 932). The petition does not contain any allegation that it is brought within seven years from the date of the discovery of the fraud; but even if such allegation were made, it does not appear that the plaintiffs used proper diligence to discover the fraud, and the petition was properly dismissed upon demurrer. *Edwards* v. *Smith,* 102 *Ga.* 19 (29 S. E. 129); *Crawford* v. *Crawford,* supra; *Bennett* v. *Bird,* 139 *Ga.* 25, 27 (76 S. E. 568); *Bailey* v. *Freeman,* 140 *Ga.* 71 (78 S. E. 423); *Brinsfield* v. *Robbins,* 183 *Ga.* 258 (188 S. E. 7).

The contention of counsel for the plaintiffs in error that the plaintiffs and the defendant are tenants in common is not supported by the allegations of the petition that the defendant in error is in possession and claiming the premises under a tax sale and transfer.

*Judgment affirmed. All the Justices concur, except Bell, J., absent on account of illness, and Wyatt, J., who took no part in the consideration or decision of this case.*