38623.   DIXIE SEED COMPANY v. SMITH *et al.*

Decided March 17, 1961.

Conger & Conger, J. Willis Conger, for plaintiff in error.
Cain & Smith, Geo. T. Smith, contra.

JORDAN, Judge. The judgment under review is the order of the trial court sustaining the defendants' general demurrer to the plaintiff's petition. The petition alleged in part as follows:

"3. On or about the 30th day of August, 1957, the defendant, Agnew Smith, represented to Harold Clark, the President of Dixie Seed Company, that he had 1100 pounds of Vates collard seed for sale at 65 cents per pound.

"4. Relying upon the representation of defendant Agnew Smith that the seed was Vates collard seed, your petitioner purchased 1100 pounds on or about August 30, 1957, paying to the employee of the defendants who delivered the seed the sum of $715.

"5. On the same date, August 30, 1957, your petitioner sold to Boston Seed Store of Boston, Georgia, 500 pounds of the Vates collard seed, representing to the Boston Seed Store that the seed sold was Vates collard seed, all in reliance on the representation made to your petitioner by the defendant Agnew Smith. The seed received from the defendant were the same seed sold to the Boston Seed Store and were even left in the same bag in which they were delivered.

"6. At some subsequent date, Boston Seed Store sold some of the same seed to John Lowe of Boston, Georgia, who planted thirty (30) acres of said seed, relying on the representation that said seed were Vates collard seed rather than Georgia type collard seed.

"7. At a subsequent date, James and Sam D. Groover, Jr., purchased some of the seed from Boston Seed Store and used said seed to plant seventeen (17) acres, relying upon the repre-

sentation that the seed were Vates collard seed rather than Georgia type collard seed.

"8. It was later determined by the Groover brothers and John Lowe that the seed they had planted were Georgia type collards rather than Vates collards.

"9. Groover Brothers, as a result of planting Georgia collard seed rather than Vates collard seed, suffered a loss of $569.50, which had to be paid by your petitioner; and John Lowe, as a result of planting Georgia collard seed rather than Vates collard seed, suffered a loss of $1,005, which had to be paid by your petitioner.

"10. The losses as hereinabove stated total $1,574.50, which are the damages suffered by your petitioner as a result of the misrepresentations made to it by the defendants.

"11. The allegations made by the defendants as to the seed sold to the plaintiff being Vates collard seed were made without any knowledge as to whether the same was true or false and without any reasonable ground to believe it was true."

It is the contention of the plaintiff that the above petition stated a cause of action either ex delicto for fraud and deceit or ex contractu for breach of warranty, and that the trial judge therefore erred in sustaining the defendants' general demurrer thereto.

■ The test of the sufficiency of a petition, as against a general demurrer, is whether the defendant can admit all that is alleged and escape liability. *Pullman's Palace-Car Co. v. Martin*, 92 Ga. 161 (18 S. E. 364). Thus, if a petition sets forth a cause of action either ex contractu or ex delicto, it will withstand a general demurrer.

"Where from the language of a petition it is doubtful whether the pleader intends to proceed upon the action as one ex contractu or as one ex delicto, the ambiguity not being raised by demurrer and thus removed, and where the averments of the petition as a whole are generally more appropriate to an action ex delicto, and where, if the petition is construed to be one arising in tort, no cause of action is set forth, and where, if the petition is construed to be one on contract, a cause of action is set forth, the court should, in passing upon an exception to a

judgment sustaining a general demurrer to the petition, adopt the latter construction, as that construction will uphold the action." *Citizens & Southern Bank v. Union Warehouse &c. Co.,* 157 Ga. 434, 455 (122 S. E. 327).

■ "A material misrepresentation constituting actual fraud may give rise to an independent action in tort for deceit, to recover for damage thus occasioned. In such a suit it is necessary to show, not only that a material misrepresentation was made for the purpose of inducing the plaintiff to act, that he had a right to act, and that he did act thereon to his injury, but it must be shown that such representation was wilfully and knowingly false, or what the law regards as the equivalent of knowledge, a reckless or fraudulent representation about that which the party pretends to know, but about which he knows that he does not know, and by which false pretense his purpose and intent is to deceive. Thus, in any suit sounding in tort for damages on account of actual fraud, the gist of the action is the purpose and design to deceive." *Penn Mutual Life Ins. Co. v. Taggart,* 38 Ga. App. 509, 511 (144 S. E. 400).

The essential allegations of an action for deceit are: (1) that the defendant made the representations; (2) that he knew at the time the representations were false or made them with the equivalent of knowledge; (3) that he made them with the intention and purpose to deceive the plaintiff; (4) that the plaintiff relied upon the representations; and (5) that the plaintiff sustained the alleged loss and damage as the proximate result of the false representations having been made. *Brown v. Ragsdale Motor Co.,* 65 Ga. App. 727, 728 (3) (16 S. E. 2d 176) ; *Morris Plan Bank v. Baggarly,* 68 Ga. App. 714 (23 S. E. 2d 271) ; *McBurney v. Woodward,* 84 Ga. App. 807, 814 (67 S. E. 2d 398) ; *Hewlett v. Moore,* 102 Ga. App. 506 (116 S. E. 2d 660). See *Code* § 105-302.

Under these authorities it may clearly be seen that the petition quoted above did not state a cause of action ex delicto for fraud and deceit since it is not alleged that the representations of the defendant were made with knowledge of their falsity, or with the equivalent of knowledge, *with intent to deceive the plaintiff.* The allegations of paragraph 11 of the petition are

not sufficient to meet these requirements under the cases cited above.

■ In a sale of seed by words of description which comprehend variety such words may be relied upon by the purchaser as an express warranty that the seed sold is of the variety described. *Miller v. Moore,* 83 Ga. 684 (10 S. E. 360, 6 L.R.A. 374, 20 Am. St. Rep. 329); *Americus Grocery Co. v. Brackett & Co.,* 119 Ga. 489 (1) (46 S. E. 657); *Henderson Elevator Co. v. North Ga. Milling Co.,* 126 Ga. 279 (55 S. E. 50). While the averments of the petition quoted above are generally more appropriate to an action ex delicto, it is alleged that the defendant represented the seed to be "Vates Collard Seeds"; that the plaintiff relied upon such representation in purchasing the seeds; that said representation was false in that it was subsequently determined that said seed were "Georgia collard seed"; and that the plaintiff was damaged in a stated amount because of said false representation. Accordingly, we think the petition, as against a general demurrer, is sufficient to state a cause of action ex contractu for breach of an express warranty.

The contention that the petition does not set forth a proper measure of damages must be raised by special demurrer since this question cannot be reached by a general demurrer. *Crawford v. Sumerau,* 100 Ga. App. 499 (111 S. E. 2d 746).

For the reasons stated above the trial court erred in sustaining the general demurrer to the petition.

*Judgment reversed. Townsend, P. J., Carlisle and Frankum, JJ., concur.*