45766. DENHAM v. SHELLMAN GRAIN ELEVATOR, INC.

ARGUED NOVEMBER 3, 1970—DECIDED MARCH 18, 1971—
REHEARING DENIED APRIL 2, 1971—CERT. APPLIED FOR.

*Hugh Wilson, Burt & Burt, H. P. Burt, Donald D. Rentz,* for appellant.

*James M. Collier, Jesse G. Bowles,* for appellee.

EVANS, Judge. ■ Headnote 1 requires no further elaboration.

■ Whether the court erred in admitting certain testimony over objection is immaterial when the same witness later gives substantially the same testimony. The evidence as to the transfer of defendant's property to his wife, including the deed of transfer, was objected to at the time it was first admitted. However, defendant's counsel thereafter thoroughly explored this subject matter when the defendant took the stand. Hence, the admission of the evidence not objected to was not reversible error. *Chandler v. Alabama Power Co.,* 104 Ga. App. 521, 525 (122 SE2d 317); *Hunt v. Williams,* 104 Ga. App. 442, 444 (122 SE2d 149); *Insurance Co. of N. A. v. Gulf Oil Corp.,* 106 Ga. App. 382, 392 (127 SE2d 43).

■ There was no written request to charge on any specific matter, and the court's charge was sufficient under the evidence. This was an action for intentional acts of conspiracy to defraud and was not one for deceit as in *Dixie Seed Co. v. Smith,* 103 Ga. App. 386, 389 (119 SE2d 299), which is not in point here. Under the authority of *Black v. Aultman,* 120 Ga. App. 826 (4) (172 SE2d 336) (Evans, Judge, dissenting) appellant not only failed to make any written requests to charge, he also failed to make proper exceptions under the requirements of § 17 of the Appellate Practice Act (Ga. L. 1965, pp. 18, 31; 1966, pp. 493, 498; 1968, pp. 1072, 1078; *Code Ann.* § 70-207). It is also noted that following the charge of the court and after a colloquy between counsel for both parties, counsel for the defendant Denham stated to the court that "they were satisfied with the charge of the court." But counsel insists that the court committed substantial error as a matter of law in failing to charge certain excerpts. We examine some of these excerpts in the light of the evidence submitted.

The defendant Crump was the servant, employee and agent of the plaintiff in and about his business as a shop foreman. The law forbade his making a profit out of such relationship to the injury of his principal. *Code* § 4-204; *Forlaw v. Augusta Naval Stores Co.,* 124 Ga. 261 (52 SE 898); *Stover v. Atlantic Ice & Coal Corp.,* 154

Ga. 228 (113 SE 802); *Larkins v. Boyd,* 205 Ga. 69, 73 (52 SE2d 307). Plaintiff contended and proved by the testimony of his employee, defendant Crump, that he took plaintiff's property and gave it to the defendant Denham who had knowledge it was plaintiff's property, for considerably less than it was worth. Where a defendant has been guilty of fraud by which the plaintiff has been prevented from discovering same, the period of limitation shall run from the time of the discovery of the fraud. *Code* § 3-807; *Anderson v. Foster,* 112 Ga. 270 (1) (37 SE 426); *Silvertooth v. Shallenberger,* 49 Ga. App. 133 (1) (174 SE 365); *Middleton v. Pruden,* 57 Ga. App. 555 (196 SE 259); *Saffold v. Scarborough,* 91 Ga. App. 628 (2) (86 SE2d 649). All the evidence points to the bringing of this case within four years of discovery of the fraud. Hence, the evidence was sufficient to toll the statute of limitation until the discovery of the fraud, and without a request a charge on the statute of limitation was not required.

But the court did charge that the failure to reveal the taking of the property by the employee (defendant Crump) amounted to such fraud as would extend the right of the petitioners to bring the action to recover the property or its value for a period of seven years after the discovery of the fraud. No complaint is made that this charge was argumentative, but the objection was that the period of years as to statute of limitation was incorrect.

The Supreme Court has many times held that the period of limitation applicable to an action for fraud in procuring the title to land is the same as that which would apply to an action for the land, that is, seven years from the discovery of the fraud. *Cade v. Burton,* 35 Ga. 280; *Knox. v. Yow,* 91 Ga. 367 (5) (17 SE 654); *Crawford v. Crawford,* 134 Ga. 114 (67 SE 673, 28 LRA (NS) 353, 19 AC 932); *Jones v. Johnson,* 203 Ga. 282 (46 SE2d 484). However, this rule does not apply here where only personalty is involved. The charge was correct as an abstract principle of law, but it was inapplicable. But, even if erroneous, this excerpt was not harmful as a matter of law, because the evidence clearly shows the action was filed within four years from discovery of the fraud.

Accordingly, none of the enumerations of error, complaining that the court committed substantial error in charging or failing to give the jury certain instructions in its charge, is meritorious.

■ The evidence submitted by an expert as to the value of an attorney's services to bring this action authorized an award of $7,500 in attorney's fees, this testimony being that the same was worth $10,000. The award of attorney's fees was not excessive. *Reserve Life Ins. Co. v. Ayers*, 217 Ga. 206 (2) (121 SE2d 649).

■ The jury returned a verdict in favor of the plaintiff on Count 2 in the amount of $29,843.20, and "attorney's fees $7,500." Twice the court requested the foreman to read the verdict and advised the foreman, after he stated that the finding was in favor of the plaintiff against both defendants, that he should write the verdict accordingly. He then instructed the foreman to publish the verdict, which the foreman did, as follows: "We, the jury, find in favor of the plaintiff in Count 2 against both defendants in the amount of $29,843.20, attorney's fees $7,500." Whereupon, counsel for the plaintiff objected to the verdict as being inconsistent. The court then instructed the jury that if they found in favor of the plaintiff against both defendants or either of the defendants on Count 2 "you cannot award attorney's fees, only under Count 1 can you award attorney's fees." He then asked the further question: "Is your finding based absolutely on the evidence and the law given you in charge as applied to Count 2?" Mr. Foreman: "Yes, sir." Whereupon the jury was instructed to return to the jury room and correct its verdict. After further deliberation the jury returned with a finding against both defendants under Count 1 as shown above, and in favor of the plaintiff, attorney's fees of $7,500. It is noted here that at no time did counsel for the defendant object to the court's handling of the jury. Thus, the court did not err in allowing the jury to publish its verdict and then instructing them to return to the jury room to correct the verdict. See *Code* § 110-110; *Cook v. State*, 26 Ga. 593 (5); *Manry v. First Nat. Bank*, 195 Ga. 163, 166 (23 SE2d 622); *Lowery v. Morton*, 200 Ga. 227 (36 SE2d 661); *Piedmont Cotton Mills v. General Warehouse*, 222 Ga. 164, 171 (149 SE2d 72).

Having thoroughly examined each and every alleged error set forth in appellant's enumerations, and as argued by counsel, we find no reversible error.

*Judgment affirmed. Bell, C. J., Jordan, P. J., Pannell, Deen, Quillian and Evans, JJ., concur specially. Whitman, J., concurs in*

*the judgment. Hall, P. J. and Eberhardt, J., concur specially as to Division 1; dissent as to Division 4.*

HALL, Presiding Judge, concurring specially. It is contended that this court has no jurisdiction to review appellant's enumeration of error No. 1 (that the trial court erred in entering a judgment upon the verdict). The reason advanced is that where a motion for new trial has been properly dismissed for want of prosecution, the judgment establishes the law of the case as to all questions raised by the motion unless the judgment on this ruling is enumerated as error on appeal. The authority cited is *Hill v. Willis,* 224 Ga. 263 (4) (161 SE2d 281). We disagree.

*Code Ann.* § 6-702 provides that a motion for a new trial need not be filed as a condition precedent to appeal, need not be transmitted as a part of the record on appeal (if the motion is made), and that it shall not be necessary that the overruling thereof be enumerated as error on appeal. Prior to *Hill v. Willis,* supra, the Supreme Court decided three appeals from which the overruling of a motion for a new trial was not appealed, yet the court considered enumerations of error on the same questions which were raised in the motion for new trial. *Worley v. State,* 222 Ga. 319 (149 SE2d 682); *Roach v. State,* 221 Ga. 783 (147 SE2d 229); *Dickerson v. Harvey,* 221 Ga. 606 (146 SE2d 310). See in this regard the dissenting opinion of Justice Mobley in *Hill v. Willis,* supra, p. 269.

The above procedure was modified in *Hill v. Willis,* supra. The Supreme Court, in a split decision, held that where a motion for new trial is *overruled* by the trial court, the judgment establishes the law of the case as to questions raised by the motion unless the judgment on this ruling is enumerated as error on appeal.

The doctrine of the law of the case "is nothing more than a special and limited application of the doctrine of res judicata . . ." 21 CJS 331, § 195, citing *Williams Realty &c. Co. v. Simmons,* 188 Ga. 184 (3 SE2d 580); *Simmons v. Williams Realty &c. Co.,* 185 Ga. 154 (194 SE 356). Both this court and the Supreme Court have consistently held that a dismissal is not "res judicata" or the "law of the case" so as to bar a subsequent ruling on the merits of a ground where the previous dismissal was not based upon the merits. *Keith v. Darby,* 104 Ga. App. 624 (1) (122 SE2d 463) and cases cited therein; *O'Kelley v. Alexander,* 225 Ga. 32 (165 SE2d

648); *Barber v. Dunn,* 226 Ga. 303 (174 SE2d 898); *Bregman v. Rosenthal,* 212 Ga. 95 (1) (90 SE2d 561). It is basic that a dismissal for want of prosecution is not an adjudication on the merits. *Kinney v. Avery & Co.,* 14 Ga. App. 180 (80 SE 663); *Floyd & Beasley Transfer Co. v. Copeland,* 107 Ga. App. 304 (130 SE2d 143).

We therefore hold that the dismissal of the motion for new trial cannot be the law of the case as to the merits of the grounds in the motion for new trial so as to prevent this court from passing on a direct enumeration of these grounds on an appeal from the final judgment.

The Supreme Court has made it abundantly clear that *Hill v. Willis,* supra, should not be extended beyond its specific holding. *Tiller v. State,* 224 Ga. 645 (164 SE2d 137); *Gainesville Stone Co. v. Parker,* 224 Ga. 819 (165 SE2d 296); *Staggers v. State,* 224 Ga. 839 (165 SE2d 300). Its holding is limited to a situation where the motion for new trial has been *overruled* and there is no enumeration of error on this ruling. If there is to be any extension of the doctrine of *Hill v. Willis,* supra, in opposition to the mandate of the General Assembly as found in the provisions of *Code Ann.* § 6-702, let it be by the court that created the doctrine.

This court has jurisdiction and power to review appellant's enumeration of error No. 1. Nevertheless, it is our opinion that the evidence is sufficient to support the verdict.

I am authorized to state that Chief Judge Bell, Presiding Judge Jordan, and Judges Eberhardt, Deen and Quillian concur in this special concurrence.

PANNELL, Judge, concurring specially. If it were not for the decisions of *Hill v. Willis,* 224 Ga. 263 (4) (161 SE2d 281); *Tiller v. State,* 224 Ga. 645 (164 SE2d 137); *Staggers v. State,* 224 Ga. 839 (165 SE2d 300), and other cases following or holding with the above cases, I would agree with Judge Hall that Section 2 of the Appellate Practice Act as amended (Ga. L. 1965, pp. 18, 20; Ga. L. 1966, pp. 493, 494; *Code Ann.* § 6-702) and Section 5 of the Appellate Practice Act as amended (Ga. L. 1965, pp. 18, 21; Ga. L. 1966, pp. 493, 496; Ga. L. 1968, pp. 1072, 1077; *Code Ann.* § 6-803) set out a procedure as follows:

Appeal from the judgment on the verdict is the proper proce-

dure in all cases, for, where a motion for new trial is filed, except an extraordinary motion for new trial, the pendency and disposal of the motion for new trial is purely interlocutory, as in the federal courts and it only tolls the time of appeal from the judgment on the verdict and can never result in the law of the case, and the appeal from the judgment on the verdict would not be affected by any disposition of the motion for new trial, but errors could be enumerated on any alleged error that occurred before the judgment on the verdict whether or not they were grounds of the motion for new trial.

However, the case of *Munday v. Brissette,* 113 Ga. App. 147 (2b) (148 SE2d 55) (in which the writer did not participate) holding that a direct appeal could be had from the overruling of the motion for new trial, and the case of *Allen v. Rome Craft Co.,* 114 Ga. App. 717 (152 SE2d 618) (in which the writer dissented), holding that in an appeal from the judgment on the verdict, error could be enumerated upon the action of the court subsequent thereto in overruling the motion for new trial, and *Hill v. Willis,* supra, holding that the overruling of the motion for new trial constituted the law of the case, unless attacked by appeal and enumeration of error, conclusively established that a motion for new trial was not merely an interlocutory matter, as in the federal courts, but was in all respects identical with the old motion for new trial, exepting only that its filing tolled the time of appeal from the judgment on the verdict.

Decisions relating to a dismissal of an action, on grounds not going to the merits, to the effect that such dismissal is not a bar to the rebringing of the action within the time required are not applicable here. The question here is not whether the appellant could have rebrought his motion for new trial, if brought within time, but whether, when a motion for new trial is dismissed for lack of prosecution, and this court affirms such dismissal, the movant can still get the questions raised on the motion decided by merely enumerating error on the actions of the trial judge complained of in the motion. I would hold that under these circumstances, we would be precluded from passing upon any alleged errors contained in the properly dismissed motion for new trial. That this is the proper result is indicated by some decisions under

the old practice where a direct appeal from certain matters could be had without the motion for new trial under former *Code* § 6-804 taken from the Act of 1898 (Ga. L. 1898, p. 92). In these cases, it was held that even though a motion for new trial be dismissed or overruled, the appellant, if within time, could bring a direct exception under *Code* § 6-804, supra. But only those questions not contained in the motion for new trial were decided. See in this connection *Copeland v. Gilbert,* 24 Ga. App. 387 (2, 3) (100 SE 775), in which the court refused to dismiss, but determined that the trial court erred in directing a verdict. An examination of the record in that case discloses that this question was not raised in the motion for new trial. See also *McGee v. Knox,* 60 Ga. App. 72 (3) (2 SE2d 808); *Prudential Ins. Co. of America v. Hattaway,* 49 Ga. App. 211 (1) (174 SE 736); *Henderson v. American Tel. & Tel. Co.,* 71 Ga. App. 607 (2) (31 SE2d 662).

EVANS, Judge, concurring specially. I concur in the opinion and in the judgment of affirmance.

1. I agree to Headnote 1 because there is no merit in the assignments of error considered therein, based upon the dismissal of the motion for new trial.

The trial judge, in his final order on the motion for new trial, which, incidentally, is based on the general grounds only, stated that the motion had been several times continued and that the defendant Denham having failed to appear, either in person or through counsel, and having failed to furnish a transcript of the evidence and the proceedings "the same is, hereby dismissed and overruled." The Supreme Court has held in *Hopkins v. Jackson,* 147 Ga. 821 (2) (95 SE 675); and *Cross v. State,* 150 Ga. 786 (1) (105 SE 307) (the latter being a full bench decision), that a trial judge may not dismiss a motion for new trial, and then in the same order or a different order, overrule the same on its merits. In both of these cases it was held that the attempt to resurrect the motion and rule on its merits after its dismissal is an absolute nullity since the court lost jurisdiction in dismissing the same. There has been no showing through evidence or otherwise, as to the correctness or incorrectness of the dismissal, and indeed counsel does not even argue the question here but argues the assignments of error in the motion which has been dismissed. Thus, no

error is shown as to the order dismissing the motion for lack of prosecution where it had been clearly set down for a hearing at a definite time and place with no appearance by the movant.

Thus each and every complaint contained in the motion for new trial has become the law of the case, final and binding on the parties, where the motion for new trial was properly dismissed and the judgment thereon has not been set aside. See *Hill v. Willis,* 224 Ga. 263 (4) (161 SE2d 281); *Tiller v. State,* 224 Ga. 645 (164 SE2d 137); *Staggers v. State,* 224 Ga. 839 (165 SE2d 300); *Styles v. State,* 225 Ga. 731 (1) (171 SE2d 310).

How stand the assignments of error that (1) the court erred in rendering a judgment on the verdict; and (2) the court erred in overruling the general grounds of the motion for new trial? The proper dismissal of the motion for new trial rendered any ruling on the motion a mere nullity. Likewise, the dismissal of the motion was a final order which is binding upon the parties as to all matters put in issue by the motion. Therefore none of the errors enumerated as to these matters is meritorious.

2. It is noted that there is a dissent to the majority ruling in Headnote 4 and Division 4, wherein we held that the evidence submitted by an expert (an attorney) as to the value of attorneys fees authorized the award of $7,500 attorneys fees, and we cite *Reserve Life Ins. Co. v. Ayers,* 217 Ga. 206 (2) (121 SE2d 649).

The dissent is premised on the theory that the attorney who testified allowed a part of the $10,000 attorneys fees to which he was testifying to be made up of "additional problems in addition to the trial of this case." The dissent quotes from the evidence adduced in direct examination of the witness, but completely overlooks the cross examination of this same witness which clearly shows the witness testified that in his opinion the work *that had already been done* was worth $10,000.

We quote from page 95 of the transcript, as follows, to wit: "Q. How many hours then, in your opinion, George, would you think that it took Mr. Jesse Bowles to prepare the pleadings and depositions? A. I figure about a total of eight days. Q. Eight days. That would be roughly then ninety-six hours. Eight by twelve. A. I wouldn't say that many. More like between fifty and sixty hours maybe. Q. Well, if it was fifty hours then and you say that . . .

that the reasonable amount of attorney's fees would be ten thousand dollars, then you say in relation to hours spent would be roughly two hundred dollars an hour. Is that correct? A. If you are just going to figure on a per hour basis that would be correct. Yes, sir." Thus, the witness clearly testified in his opinion 50 hours work had already been done which he computed at $200 per hour, and which would amount to a total of $10,000. The attorneys fee awarded was only $7,500.

The jury was at liberty to believe part of what this witness testified, and disbelieve other parts. It could believe what was testified to on cross examination and disbelieve what was testified to on direct examination. See *Adams v. Adams,* 218 Ga. 67 (4) (126 SE2d 769); *Powell v. Blackstock,* 64 Ga. App. 442 (5) (13 SE2d 503).

Of course, where a verdict and judgment receive the approval of the trial court, the testimony must be construed most strongly in support of that verdict. *Wren v. State,* 57 Ga. App. 641, 644 (196 SE 146); *Stapleton v. Amerson,* 96 Ga. App. 471 (5) (100 SE2d 628); *Boatright v. Rich's,* 121 Ga. App. 121 (173 SE2d 232); *Southern R. Co. v. Brock,* 132 Ga. 858, 862 (64 SE 1083).

But the excessiveness of the verdict must be set aside by attack thereon in the general grounds of a motion for new trial or upon the judgment on the verdict. *Roddenberry Hardware Co. v. Merritt,* 17 Ga. App. 425 (4) (87 SE 681); *Cowart v. McLarin,* 87 Ga. App. 253 (73 SE2d 507); *Tallent v. McKelvey,* 105 Ga. App. 660, 662 (125 SE2d 65), and cases cited therein. While the jury's finding on the award of attorney's fee was based on sufficient evidence, yet for the same reasons as given in Division 1 above, the defendant having suffered a judgment against him as to the dismissal of his motion for new trial which stands unreversed, he could not obtain another review of this question. Accordingly, the complaint of error in the judgment as being excessive is also without merit.

## On Motion for Rehearing.

HALL, Presiding Judge, dissenting. Appellant strongly urges (a) that the evidence does not authorize the verdict, (b) that the court omitted charges on vital issues in the case, (c) the attorneys fees awarded were excessive and unauthorized by the evidence, (d) and

that the court erred in permitting the jury to return to the jury room and return a different verdict after a verdict had been published.

The evidence of conspiracy was weak, but there is in the record *some* evidence on which the jury might find one to have existed, and on appeal if there is any evidence which can be said to support the verdict it is to be affirmed.

A reading of the charge reveals that it was imperfect. There were serious omissions as to vital issues, such as what constitutes fraud and as to the nature and quantum of proof that would authorize a finding of conspiracy. See *Almand v. Thomas,* 148 Ga. 369 (96 SE 962). However, it appears from the record that when counsel were afforded opportunity to except to the charge, appellant's counsel *affirmatively accepted the charge* as made, thus waiving any error of omission or of commission. *Bryant v. Housing Authority of the City of Atlanta,* 121 Ga. App. 32 (2) (172 SE2d 439); *Gaither v. Green,* 122 Ga. App. 25 (176 SE2d 204).

A careful review of the evidence relative to the matter of attorneys fees, however, reveals error. An attorney who testified as a witness for the plaintiff on this matter was asked: "Q. Did you familiarize yourself with the fact that Mr. Denham in his deposition testified he transferred all of his property to his wife? A. I did read that. Yes, sir. Q. As professional attorneys fees, do you recognize that this would incur *additional problems in addition to the trial of this case?* A. I would certainly say so. Q. All right. From your investigation and what you determined about the case, what, in your opinion, would be the reasonable value of services for counsel for the plaintiff considering that there are two and considering the amounts involved and the other aspects of this case? A. A reasonable amount would be ten thousand dollars. I base this on what I have studied of the pleadings, the time for preparation of the case, *the possibility of additional work after this time,* generally, this type of case . . . and that's what I base my ten thousand dollar figure on."

This evidence failed to prove what a reasonable fee would be for preparation, handling and trial of *this case.* It erroneously includes the possibility of additional work to be done *after* the trial. That is impermissible.

It was not "competent to admit evidence as to any fee or compensation for services which would be rendered only on the contingency that the litigation should be protracted beyond the trial and verdict by motion for a new trial, or by writ of error. The jury could make no practical application of such evidence without assuming that the litigation would be so protracted, and that assumption might not be realized, in which event the [defendant] would have to pay for services not rendered or expenses not incurred. Any estimate of the witnesses, beyond the amount of a certain fee for services up to judgment on the verdict, and for the usual care and attention afterwards in enforcing the judgment, should have been excluded . . . [I]t might, perhaps, be allowable in a proper case, for the jury, under direction of the court, so to mould their verdict as to leave the amount of fees for successful resistance to future litigation open for assessment by another jury after the litigation was all over." *Travelers Ins. Co. v. Sheppard,* 85 Ga. 751, 793 (12 SE 18).

As counsel for appellant urge, a recovery on this evidence, if allowed to stand, might very well lead to a double recovery for any subsequent litigation in the matter. Neither the witness nor the jury was clairvoyant enough to know or to foresee just what that would be, what it would involve or what would be a fair appraisal of fees for it.

There is no way of separating the amount which the jury may have awarded for this litigation up to verdict and judgment, and what it may have included for possible future litigation. Hence, there was no evidence on which a lawful verdict could be returned. The evidence was without probative value in proving a proper allowance of fees for this litigation, and the verdict should not be permitted to stand.

Appellant makes a strong case for his position that a verdict had been returned and published, based upon Count 2 of the petition. If the trial court had simply directed that the attorneys fees be eliminated from the verdict when the foreman of the jury asserted that it was intended to be upon Count 2 there would probably have been no error. However, we must recognize that juries do make errors in their verdict, and that if one has been made it ought to be permitted to correct it before dispersal. Under the

clear recharge of the court in sending the jury back, we conclude that this is what occurred.

I dissent from Division 4 of the majority opinion, and would, for the reason stated above, reverse. I am authorized to state that Judge Eberhardt concurs in this dissent.